IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULLIAN GRIFFIN, | |
| Plaintiff, | |
| v. | Civil Action No. |
| BETELHEM TAYE and DOORDASH, INC., | |
| Defendants. | |

**NOTICE OF REMOVAL**

NOW COMES Defendant, DoorDash, Inc. ("DoorDash"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal to remove this case to the United States District Court for the Eastern District of Pennsylvania, stating as follows:

**I.   INTRODUCTION**

1. On October 4, 2021, Plaintiff Jullian Griffin ("Plaintiff") initiated this negligence lawsuit by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, naming Betelhem Taye ("Taye") and DoorDash (collectively, the "State Court Defendants") as defendants (the "State Court Action"). A true and correct copy of the docket in the State Court Action is attached hereto as Exhibit "1."

2. Plaintiff's Complaint was filed in the Court of Common Pleas of Philadelphia County at Docket No. 211000057. True and correct copies of all process, pleadings and orders served upon DoorDash in the State Court Action from the Court of Common Pleas of Philadelphia County, Pennsylvania are attached hereto as Exhibit "2."

3. On June 28, 2022, Plaintiff filed a Proof of Service indicating service of the Complaint upon DoorDash on June 21, 2022. A true and correct copy of the Proof of Service is attached hereto as Exhibit "3."

264647298.v2

4. No other proceedings have taken place in the State Court Action, and all filings on the docket in the State Court Action have been attached hereto at Exhibit "2."

5. In addition to the State Court Action, Plaintiff previously filed a federal court action on April 6, 2021, in the instant court at docket number 2:21-cv-01628-PT (the "Prior Federal Court Action"), naming as defendants Betelhem Taye, Taye Terekegn, and Hirut Yirga (the "Prior Federal Court Defendants"). DoorDash was noticeably not named in the Prior Federal Court Action. A true and correct copy of the docket in the Prior Federal Court Action is attached hereto as Exhibit "4."

6. The Complaint in the Prior Federal Court Action substantially mirrors the Complaint in the State Court Action, generally asserting negligence claims for a motor vehicle accident occurring in or about October 12, 2019. A true and correct copy of the Complaint in the Prior Federal Court Action is attached hereto as Exhibit "5."

7. All of the Prior Federal Court Defendants had filed a responsive pleading to the Prior Federal Court Complaint. *See* Exhibit "4."

8. Plaintiff filed a Stipulation to Dismiss the Prior Federal Court Action on or about December 9, 2021, and the same was dismissed without prejudice on or about December 29, 2021. *See* Exhibit "4."

9. Plaintiff then filed, on October 4, 2021, the State Court Action, adding DoorDash as a defendant, but notably taking no steps to serve DoorDash with the State Court Action Complaint until June 21, 2022, more than 8 ½ months after the State Court Action had been filed.

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) because this lawsuit is a civil action between citizens of different states,

and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00).  *See infra*.

11. This Notice of Removal is timely because it is filed within 30 days after DoorDash was served with the Complaint.

12. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. §1446(d).  Pursuant to Fed. R. Civ. P. 5(d), DoorDash concurrently files with this Court a Certificate of Service of this Notice of Removal to the adverse party.

13. Concurrent with the filing of this Notice of Removal, DoorDash is filing a Notice of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County in accordance with 28 U.S.C. §1446(d).

14. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 2 U.S.C. §1446(a).

15. Plaintiff has commenced the subject lawsuit (*i.e.*, the State Court Action) in a state court and the subject lawsuit is pending at a place within the district and division of this Honorable Court.

16. Co-Defendant Betelhem Taye consents to this removal.  *See* Exhibit "6."

17. DoorDash submits this Notice of Removal subject to and without waiving any defenses and rights available to it.

18. DoorDash submits this Notice of Removal without admitting any of the allegations in Plaintiff's Complaint in the State Court Action and the Prior Federal Court Action.

**II.     COMPLETE DIVERSITY**

19.     As alleged in the Complaint, Plaintiff "resides at the address identified in the caption" as 5122 N. Broad Street, Philadelphia, Pennsylvania 19141 (Exhibit "2," Complaint at ¶ 1); therefore, Plaintiff is a Pennsylvania citizen for diversity purposes. *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) ("A natural person is deemed to be a citizen of the state where she is domiciled.") (citation omitted).

20.     Further, Plaintiff's allegations in the Complaint aver that Defendant DoorDash "is a corporation or other business entity with a registered office located at the address identified in the caption" as 901 Market Street, 6th Floor, San Francisco, California 94103. Exhibit "2," Complaint at ¶ 3.

21.     DoorDash is incorporated in the State of Delaware and DoorDash's principal place of business is located in the State of California (*see* Exhibit "7"); therefore, DoorDash is a California and Delaware citizen for diversity purposes. *See Swiger, supra* ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.") (citation omitted).

22.     In addition, Plaintiff's allegations in this Complaint aver that co-Defendant Betelhem Taye "resides at the address identified in the caption" at 12806 Epping Terrace, Silver Spring, Maryland, 20906 (*see* Exhibit "2," Complaint at ¶ 2; Answer of Defendant Betelhem Taye at ¶ 2); therefore, co-Defendant Betelhem Taye is a Maryland citizen for diversity purposes. *See Swiger, supra.*

23.     Thus, there is complete diversity between the Plaintiff and the State Court Defendants.

### III. AMOUNT IN CONTROVERSY

24. In the State Court Action, Plaintiff claims damages in excess of seventy-five thousand dollars ($75,000.00). *See*, *e.g.*, Exhibit 2, Complaint, *ad damnum* clauses.

25. This claim for damages is furthered by the fact that Plaintiff, in the substantially identical Prior Federal Court Action, claimed damages which "exceed[] the sum of $75,000." Exhibit "5," at ¶ 5.

### IV. CONCLUSION

26. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because the procedural requirements for removal have been satisfied, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Dated: July 13, 2022

Respectfully submitted,

CLARK HILL PLC

*/s/ Jerri A. Ryan*
Jerri A. Ryan, Esquire
Pa. I.D. No. 80039
Ashley L. Buck, Esquire
Pa. I.D. No. 320537
Firm I.D. No. 282
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219-1425
Tel: 412-394-7711
Fax: 412-394-2555
jryan@clarkhill.com
abuck@lclarkhill.com
*Attorneys for Defendant, DoorDash, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been served via the Court's CM/ECF Service, electronic mail, and U.S. Mail, First Class, postage prepaid, this 13th day of July, 2022, as follows:

Louis T. Silverman, Esquire
Michael P. Lalli, Esquire
Silverman, Trotman & Schneider, LLC
1500 Market Street
Centre Square – West Tower
Suite 4060
Philadelphia, PA 19102
lsilverman@stslawfirm.com
mlalli@stslawfirm.com
*Counsel for Plaintiff*

Guy Mercogliano, Esquire
Louis J. Vogel, Jr., Esquire
Sweeney & Sheehan
1515 Market St.
19th Floor
Philadelphia, PA 19102
guy.mercogliano@sweeneyfirm.com
louis.vogel@sweeneyfirm.com
*Counsel for Defendant,
Betelhem Taye*

                                        */s/ Jerri A. Ryan*
                                        Jerri A. Ryan