# EXHIBIT 2

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**OCTOBER 2021**

E-Filing Number: 2110004043

**000057**

PLAINTIFF'S NAME
JULLIAN GRIFFIN

DEFENDANT'S NAME
TAYE BETELHEM

PLAINTIFF'S ADDRESS
5122 N. BROAD STREET
PHILDELPHIA PA 19141

DEFENDANT'S ADDRESS
12806 EPPING TERRACE
SILVER SPRING MD 20906

PLAINTIFF'S NAME

DEFENDANT'S NAME
DOORDASH, INC.

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
901 MARKET STREET
SAN FRANCISCO CA 94103

PLAINTIFF'S NAME

DEFENDANT'S NAME

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 2 | [X] Complaint | [ ] Petition Action | [ ] Notice of Appeal |
| | | [ ] Writ of Summons | [ ] Transfer From Other Jurisdictions | |

AMOUNT IN CONTROVERSY

[ ] $50,000.00 or less
[X] More than $50,000.00

COURT PROGRAMS

[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals

[ ] Settlement
[ ] Minors
[ ] W/D/Survival

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

OCT 04 2021

**M. BRYANT**

IS CASE SUBJECT TO COORDINATION ORDER?
YES      NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JULLIAN GRIFFIN
Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
MICHAEL P. LALLI

ADDRESS
1500 MARKET STREET
CENTRE SQUARE - WEST TOWER
SUITE 4060
PHILADELPHIA PA 19102

PHONE NUMBER
(215)564-1414

FAX NUMBER
(215)564-1919

E-MAIL ADDRESS
mlalli@stslawfirm.com

SUPREME COURT IDENTIFICATION NO.
203201

DATE SUBMITTED
Monday, October 04, 2021, 12:02 pm

SIGNATURE OF FILING ATTORNEY OR PARTY
MICHAEL LALLI

FINAL COPY (Approved by the Prothonotary Clerk)

Silverman, Trotman & Schneider, LLC
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
Our File № 23552

*Filed and Attested by t...*
*Attorney... al Record...*
*04 OCT 2021 12:02 pm*
*N. BRYANT*

**Notice to Plead:**
You have 20 days to respond to this
Complaint of a Default Judgment may
be entered against you.

*Major Jury Level*

In the Commonwealth of Pennsylvania Court of Common Pleas
Philadelphia County

| | |
|---|---|
| Jullian Griffin<br>5122 N. Broad Street<br>Philadelphia, PA 19141<br><br>                              Plaintiff;<br><br>        v.<br><br>Betelhem Taye<br>12806 Epping Terrace<br>Silver Spring, MD 20906<br><br>        and<br><br>DoorDash, Inc.<br>901 Market Street, 6th Floor<br>San Francisco, CA 94103<br>                       Defendants. | October **Term, 2021**<br><br>**Civil Action №:**<br><br><br><br>**Plaintiff's Civil Action Complaint**<br>**Jury Trial Demanded** |

## Notice

You have been sued in court, if you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.   You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for

any other claim or relief requested by the Plaintiff.   You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information
1101 Market Street - 11th Floor
Philadelphia, PA 19107
(215) 238-6333
Aviso

Le han demandado a usted en la corte.   Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación, hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.   Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociación De Licenciados De Filadelfia
Servicio De Referencia E Información Legal
1101 Market Street - 11th Floor
Philadelphia, PA 19107
Teléfono:   (215) 238-6333

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
Our File № 23552

*Attorneys for Plaintiff*

<u>Notice to Plead:</u>
You have 20 days to respond to this
Complaint of a Default Judgment may
be entered against you.

*Major Jury Level*

In the Commonwealth of Pennsylvania Court of Common Pleas
Philadelphia County

**Jullian Griffin**
5122 N. Broad Street
Philadelphia, PA 19141

          Plaintiff;

    v.

**Betelhem Taye**
12806 Epping Terrace
Silver Spring, MD 20906

    and

**DoorDash, Inc.**
901 Market Street, 6th Floor
San Francisco, CA 94103

          Defendants.

October Term, 2021

Civil Action №:

**Plaintiff's Civil Action Complaint
Jury Trial Demanded**

<u>Plaintiff's Civil Action Complaint</u>

1.     Plaintiff, Jullian Griffin (henceforth referred to as "Griffin" or "plaintiff")

is an adult individual who resides at the address identified in the caption above.

2.   Defendant, Betelhem Taye (henceforth referred to as "Taye" or "defendant") is an adult individual who resides at the address identified in the caption above.

3.   Defendant DoorDash, Inc. (henceforth referred to as "DoorDash" or "defendant") is a corporation or other business entity with a registered office located at the address identified in the caption above.

4.   At all times relevant, defendant DoorDash acted through servants, agents, employees, and/or ostensible agents who acted within their scope of employment at defendant, on behalf of defendant, and in furtherance of the goals of defendant.

5.   At all times relevant, defendants regularly conducted business in Philadelphia County and the collision which serves as the basis of this Civil Action Complaint occurred in Philadelphia County.

6.   On or about October 12, 2019, defendant Taye, an employee, agent, servant, and/or ostensible agent of defendant DoorDash was operating a vehicle within the scope of her employment by defendant DoorDash and in furtherance of the goals of defendant DoorDash.

7.   At the above-referenced date and time, defendant Taye was operating said vehicle at or near the intersection of Rising Sun and Godfrey Avenue in Philadelphia,

PA

8.    At the above-referenced date, time, and location, plaintiff was also operating a vehicle.

9.    At the above-referenced date and time, and at the above-referenced location, defendant Taye negligently operated the vehicle on behalf of defendant DoorDash and rear-ended plaintiff's vehicle while he was stopped at a red light.

10.    As a result of this collision, plaintiff suffered serious and permanent injuries as described more fully below.

11.    The aforesaid collision resulted solely from the negligence and carelessness of defendants, and was due, in no manner whatsoever, to any act or failure to act on the part of the plaintiff.

12.    At all relevant times, plaintiff was either: a) covered by a full tort option insurance policy, b) deemed full tort because plaintiff neither owned an automobile nor lived with a resident relative who owned a vehicle, c) deemed full tort because plaintiff suffered serious injury as defined in 75 Pa.C.S.A. § 1702 permitting him to bring a claim for pain and suffering or other non-monetary damages, or d) deemed full tort as enumerated in 75 Pa.C.S.A. § 1705(d)(1), (2), and (3).

## Count I
## Griffin v. Taye
## Negligence

13.    Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth herein at length.

16.    As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back, and neck.

17.    As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

18.    As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

19.    As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

20.    As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

21.    As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore**, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

### Count II
### Griffin v. DoorDash
### Respondeat Superior

22.     Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth at length herein.

23.     The aforesaid collision resulted from the negligence and carelessness of defendant DoorDash herein and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

24.     The negligence and carelessness of defendant DoorDash, its agents, servants, and/or employees consisted of the following:

a.     Defendant Taye was an employee of defendant DoorDash at the time of the collision;

b.     Defendant Taye was acting as an agent, servant, employee and/or ostensible agent of defendant DoorDash at the time of the collision;

c.     Defendant Taye was carrying out the duties and responsibilities of defendant DoorDash and in furtherance of the goals of defendant DoorDash at the time of the collision;

d.     Defendant Taye was acting within his scope of employment of defendant DoorDash at the time of the collision; and,

e.      Vicarious liability for the negligent acts of defendant Taye.

25.      As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back, and neck.

26.      As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

27.      As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

28.      As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

29.      As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

30.      As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

Wherefore, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

Count III
Griffing v. DoorDash
<u>Negligence</u>

31.     Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth herein at length.

32.     The aforesaid collision resulted solely from the negligence and careless of defendant and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

33.     The negligence and/or carelessness of defendant included the following:

a.     Failing to properly operate and control defendant's motor-vehicle;

b.     Failing to maintain a proper lookout;

c.     Violations of the statutes of the Commonwealth of Pennsylvania and the City of Philadelphia governing the operation of motor-vehicles;

d.     Failing to keep a sharp lookout;

e.     Failing to keep a watchful eye;

f.     Failing to obey traffic control devices;

g.     Failing to maintain his lane;

Case ID: 2110001

h.   Failing to safely operate and control defendant's motor-vehicle;

i.   Deviating from the standards and/or policies established by defendant DoorDash related to the operation of motor-vehicles.

j.   Failing to implement and/or adequately enforce practices, standards, and/or policies related to its employees operating motor-vehicles;

k.   Failing to properly hire and or train its employees who would be operating motor-vehicles on its behalf to ensure other motorists would not be exposed to unreasonable dangers on the roadways;

l.   Failing to avoid striking plaintiff's vehicle; and,

m.   Striking plaintiff's vehicle.

34.   As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back and neck.

35.   As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

36.   As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

37.    As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

38.    As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

39.    As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore**, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount within the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

**Silverman, Trotman & Schneider, LLC**

By:    _____

Louis Silverman, Esquire
Michael Lalli, Esquire
1500 Market Street – Suite 4060
Centre Square – West Tower
Philadelphia, PA 19102
lsilverman@stslawfirm.com
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
*Attorneys for Plaintiff*

Dated: _October 4, 2021_

VERIFICATION

I, Jullian Griffin, hereby states that I am the plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4909 relating to unsworn falsification to authorities.

Date: 10/4/2021

X Juillian Griffin

*Filed and Attested by the Office of Judicial Records 04 JAN 2022 04:33 pm G. LOWELL*

**NOTICE TO PLEAD**

You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a default judgment may be entered against you.

By: _/s/ Gaetano Mercogliano_
　　　Gaetano Mercogliano

**SWEENEY & SHEEHAN, P.C.**
By:  Gaetano Mercogliano, Esquire
Identification No.: 39766
By: Louis J. Vogel, Jr., Esqire
Identification No.: 314234
1515 Market Street – 19ᵗʰ Floor
Philadelphia, PA  19102
(215) 563-9811 (phone)
(215) 557-0999 (facsimile)
guy.mercogliano@sweeneyfirm.com
louis.vogel@sweeneyfirm.com

Attorneys for Defendant,
Betelhem Taye

---

| | |
|---|---|
| JULLIAN GRIFFIN,<br><br>　　　　　　　　　　　　*Plaintiff,*<br><br>　　v.<br><br>BETELHEM TAYE<br><br>　　and<br><br>DOORDASH, INC.<br><br>　　　　　　　　　　　　*Defendants.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL ACTION<br><br>OCTOBER TERM, 2021<br><br>NO. 0057 |

---

### ANSWER OF DEFENDANT BETELHEM TAYE TO PLAINTIFF'S COMPLAINT

Defendant, Betelhem Taye (hereinafter "Answering Defendant"), by and through her counsel, Sweeney & Sheehan, P.C., hereby submits her Answer and New Matter to Plaintiff's Complaint, and hereby avers as follows:

## PLAINTIFF'S CIVIL ACTION COMPLAINT

1.     Admitted in part, denied in part. Upon information and belief, it is admitted that Plaintiff Jullian Griffin is an adult individual.  As to the remaining allegations of this paragraph, after reasonable investigation, Answering Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in this paragraph.

2.     Admitted.

3.     After reasonable investigation, Answering Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in this paragraph.

4.     The averments in Paragraph 4 of Plaintiff's Complaint are directed to Defendant DoorDash. To the extent that a response is deemed to be required, after reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5.     Admitted in part, denied in part.  It is admitted that the incident which forms the basis of the Plaintiff's Complaint occurred in Philadelphia County.  As to the remaining allegations of this paragraph, the allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.

6.     Admitted in part, denied in part.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  It is admitted only that Answering Defendant was a food-delivery driver and was using the DoorDash platform to make prepared-food deliveries on October 12, 2019.  All other averments are denied.

7.      Admitted that at the aforesaid time and place Answering Defendant was operating a vehicle at or near the intersection of Rising Sun and Godfrey Avenue in Philadelphia, PA.

8.      Upon information and belief, admitted.

9.      Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint.

10.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she was negligent or careless, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that it in no way contributed to the incident alleged in Plaintiffs' Complaint.  By way of further answer, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and therefore, the same are denied and strict proof is demanded at the time of trial.

11.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident

concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint.

12.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.

**COUNT I**
**GRIFFIN v. TAYE**
**NEGLIGENCE**

13.     Answering Defendant incorporates by reference her response to the averments contained in paragraphs 1 through 12 of her answer, above, as if the same were set forth fully at length herein.

14.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint.

15.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  Answering Defendant specifically denies the averments contained in subparagraphs (a) – (k).

16.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint.  By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

17.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint.  By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

18.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint.  By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

19.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

20.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

21.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

**WHEREFORE**, Answering Defendant, Betelhem Taye, demands judgment be entered in its favor and against Plaintiff, together with all reasonable interests, counsel fees, and costs.

## COUNT II
## GRIFFIN v. DOORDASH
## RESPONDEAT SUPERIOR

22.     The foregoing paragraphs are incorporated herein by reference as though fully set forth herein below.

23.     The averments contained in this paragraph and subparagraphs of Plaintiffs' Complaint are addressed to a Defendant other than the Answering Defendant herein. Answering Defendant is therefore advised that no further answer is required to the averments contained therein.

24.     The averments contained in this paragraph and subparagraphs of Plaintiffs' Complaint are addressed to a Defendant other than the Answering Defendant herein. Answering Defendant is therefore advised that no further answer is required to the averments contained therein. To the extent that the averments contained in this paragraph and subparagraphs of Plaintiff's Complaint are addressed to Answering Defendant, same are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied. By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation. On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint.

25.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

26.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

27.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

28.     Denied.   The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.   On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

29.     Denied.   The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.   On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

30.     Denied.   The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.   On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

**WHEREFORE**, Answering Defendant, Betelhem Taye, demands judgment be entered in its favor and against Plaintiff, together with all reasonable interests, counsel fees, and costs.

## COUNT III
## GRIFFING v. DOORDASH
## NEGLIGENCE

31.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein below.

32.    The averments contained in this paragraph and subparagraphs of Plaintiffs' Complaint are addressed to a Defendant other than the Answering Defendant herein. Answering Defendant is therefore advised that no further answer is required to the averments contained therein. To the extent that the averments contained in this paragraph and subparagraphs of Plaintiff's Complaint are addressed to Answering Defendant, same are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied. By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation. On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint.

33.    The averments contained in this paragraph and subparagraphs of Plaintiffs' Complaint are addressed to a Defendant other than the Answering Defendant herein. Answering Defendant is therefore advised that no further answer is required to the averments contained therein. To the extent that the averments contained in this paragraph and subparagraphs of Plaintiff's Complaint are addressed to Answering Defendant, same are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore,

denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, Answering Defendant specifically denies the allegations of subparagraphs (a) – (m) as to the Answering Defendant.

34.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

35.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

Case ID: 211000057

36.     Denied.   The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

37.     Denied.   The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

38.     Denied.   The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

39.     Denied.  The allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings and are, therefore, denied.  By way of further answer, Answering Defendant denies that she negligently or carelessly operated her motor vehicle, or in any way contributed to the alleged cause of the accident concerned with this litigation.  On the contrary, Answering Defendant avers that she in no way contributed to the incident alleged in Plaintiffs' Complaint. By way of further answer, it is denied that Plaintiff sustained injuries or damages as alleged in this paragraph.

**WHEREFORE**, Answering Defendant, Betelhem Taye, demands judgment be entered in its favor and against Plaintiff, together with all reasonable interests, counsel fees, and costs.

## <u>NEW MATTER</u>

40.     Answering Defendant incorporates by reference her response to the averments contained in paragraphs 1 through 39 of her answer, above, as if the same were set forth fully at length herein.

41.     Plaintiff's Complaint falls to state a claim upon which relief may be granted.

42.     Answering Defendant complied with any and all obligations under the applicable law with regard to the allegations in Plaintiff's Complaint.

43.     Answering Defendant is still investigating the nature of the subject incident; however, Answering Defendant reserves the right to assert that the Plaintiff's actions at the time of the incident triggered the doctrine of assumption of the risk.

Case ID: 211000057

44.     Answering Defendant is still investigating the nature of the subject incident; however, Answering Defendant reserves the right to assert that Plaintiff's claims are barred in whole or part, as the Plaintiff did not suffer any injury, harm and/or damage as alleged in the Complaint a result of any conduct or inaction on the part of, or attributable to, Answering Defendant.

45.     Plaintiff is not entitled to an award of any damages, including, without limitation, any compensatory or punitive damages, any attorneys' fees and/or any costs, under the applicable law or otherwise.

46.     If the Plaintiff is entitled to any damages (which is denied), those damages were caused by a person or entity other than Answering Defendant over whom/which Answering Defendant had no control or for whom/which Answering Defendant had no responsibility, and who/which are responsible for any alleged liability and for the payment of any such alleged damages.

47.     Answering Defendant is not liable due to the comparative or contributory negligence of the Plaintiff.

48.     Plaintiff was operating his vehicle in excess of the speed limit and failed to adhere to Pennsylvania's assured clear distance rule, which provides that:

> "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead."

75 Pa C S § 3361.

49.     Plaintiff's Complaint, and every claim therein, is barred, in whole or part, by a lack of causation, proximate or otherwise.

50.     Plaintiff's claims and/or alleged damages are barred in whole or in part by the conduct of Plaintiff to the extent that he failed to mitigate the alleged damages.

51.     Answering Defendant reserves the right to add to, supplement, modify, change, or amend any and all defenses hereto as facts, evidence and circumstances become known to her through further investigation and/or discovery.

52.     The provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S. Sections 7102 apply in this case to limit or bar Plaintiffs' cause of action.

53.     The provision of Pennsylvania's Motor Vehicle Financial Responsibility Law 75 Pa. C.S.A. Section 1701, et seq. apply in this case and limit or bar Plaintiffs' cause of action.

54.     Plaintiff assumed the risk of his own conduct.

55.     Plaintiff's cause of action is barred by the applicable Statute of Limitations.

56.     Plaintiff's cause of action must fail due to the Doctrine of Release.

57.     Plaintiff's cause of action must fail due to collateral estoppel and/or res judicata.

58.     Plaintiff's injuries, if any, were caused by the negligence and/or liability producing acts or omissions of parties or other entities over whom Answering Defendant neither had control nor the ability to control.

59.     Plaintiff failed to mitigate damages, if any.

60.     The Plaintiff's damages, if any, were caused by intervening and/or superseding causes and were not the result of any action or omission on the part of the Answering Defendant.

61.     Plaintiff is barred from recovery in as much as the matters complained of were proximately caused by the actions/or inactions of the Plaintiff himself.

62.     Plaintiff suffered no loss or damage by reason of any alleged acts of this Answering Defendant.

63.     The injuries and damages alleged in the Plaintiff's Complaint were the result of an unavoidable accident.

64.     Answering Defendant is free from any and all negligence.

65.     There was no legal duty owed by Answering Defendant to Plaintiff at the time of the incident complained of.  In the alternative, if any duty was owing, then there was no breach of that duty by Answering Defendant.

**WHEREFORE**, Answering Defendant, Betelhem Taye, demands judgment be entered in her favor and against the Plaintiff, together with all reasonable interest, expenses, counsel fees and costs.

                              **SWEENEY & SHEEHAN, P.C.**


By_____
                              Gaetano Mercogliano
                              Attorney for Defendant, Betelhem Taye


DATE:  January 4, 2021

## **VERIFICATION**

Betelhem Taye, hereby verifies and says that she is a Defendant herein and that the facts set forth in the fore oin *Answer to Plaintiff's Complaint* are true and correct to the best of her knowled e, information and belief.

This statement is made subject to the penalties of 18 PA. C.S.A. Section 4904 relatin to unsworn falsification to authorities.

_Betelhem Taye_
Betelhem Taye

DATE: 12/8/2021

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
Our File № 23552



Filed and Attested by the
Office of Judicial Records
06 JAN 2022 11:22 am
G. IMPERATO

**In the Commonwealth of Pennsylvania Court of Common Pleas**
**Philadelphia County**

| | |
|---|---|
| Jullian Griffin | |
|  Plaintiff; | October Term, 2021 |
| v. | |
| Betelhem Taye, Et Al | Civil Action №: 0057 |
|  Defendant. | |

**PLAINTIFF'S REPLY TO NEW MATTER OF DEFENDANT BETELHEM TAYE**

40-65. Denied. These are conclusions of law to which no response is required.   They are denied nonetheless. To the extent that these averments contain any factual allegations, said factual allegations are categorically denied. Strict proof to the contrary is demanded at time of trial.   Plaintiff's injuries were caused by the negligence of defendants and were in no way caused by any alleged negligence on the part of the plaintiff.   Plaintiff did not assume any risk of any of his injuries.   Plaintiff's claims are neither barred nor reduced by any of the legal precepts, doctrines, or statutes cited and/or raised by defendants.

WHEREFORE, Plaintiff demands judgment in his favor.

**SILVERMAN TROTMAN & SCHNEIDER, LLC**

MICHAEL LALLI, ESQUIRE
*Attorney for Plaintiff*

**VERIFICATION**

I, MICHAEL LALLI, ESQUIRE, hereby state that I am the attorney for the Plaintiff in this action and verify that the statements made in the foregoing Reply to New Matter are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

By:_____
MICHAEL LALLI, ESQUIRE
*Attorney for Plaintiff*

Dated:   *January 6, 2022*

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
07 JAN 2022 12:24 pm
S. RICE

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

### PRAECIPE TO REINSTATE COMPLAINT

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

 

                                **SILVERMAN TROTMAN & SCHNEIDER, LLC**

                                  */s/Michael P. Lalli, Esquire*
                                  Michael P. Lalli, Esquire
                                  *Attorney for Plaintiff*

Date: *January 7, 2022*

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**OCTOBER 2021**

E-Filing Number: 2110004043

**000057**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JULLIAN GRIFFIN | TAYE BETELHEM |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5122 N. BROAD STREET PHILDELPHIA PA 19141 | 12806 EPPING TERRACE SILVER SPRING MD 20906 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | DOORDASH, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 901 MARKET STREET SAN FRANCISCO CA 94103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**

☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**

☐ Arbitration   ☐ Mass Tort   ☐ Commerce   ☐ Settlement
☒ Jury   ☐ Savings Action   ☐ Minor Court Appeal   ☐ Minors
☐ Non-Jury   ☐ Petition   ☐ Statutory Appeals   ☐ W/D/Survival
☐ Other:

**CASE TYPE AND CODE**

2V – MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED PRO PROTHY**

OCT **04** 2021

**M. BRYANT**

IS CASE SUBJECT TO
COORDINATION ORDER?

YES          NO

---

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JULLIAN GRIFFIN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL P. LALLI | 1500 MARKET STREET CENTRE SQUARE - WEST TOWER SUITE 4060 PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)564-1414 | (215)564-1919 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 203201 | mlalli@stslawfirm.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MICHAEL LALLI* | Monday, October 04, 2021, 12:02 pm |

Case ID: 211000057

FINAL COPY (Approved by the Prothonotary Clerk)

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
Our File № 23552



Filed and Attested by the
Office of Judicial Records
04 JAN 2022 12:24 pm
MS. BRIEN

**Notice to Plead:**
You have 20 days to respond to this
Complaint of a Default Judgment may
be entered against you.

*Major Jury Level*

## In the Commonwealth of Pennsylvania Court of Common Pleas
## Philadelphia County

**Jullian Griffin**
5122 N. Broad Street
Philadelphia, PA 19141

           Plaintiff;

    v.

**Betelhem Taye**
12806 Epping Terrace
Silver Spring, MD 20906

    and

**DoorDash, Inc.**
901 Market Street, 6th Floor
San Francisco, CA 94103

           Defendants.

**October Term, 2021**

**Civil Action №:**

**Plaintiff's Civil Action Complaint**
**Jury Trial Demanded**

### Notice

    You have been sued in court, if you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.   You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for

Case ID: 211000057

any other claim or relief requested by the Plaintiff.   You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information
1101 Market Street - 11th Floor
Philadelphia, PA 19107
(215) 238-6333
<u>Aviso</u>

Le han demandado a usted en la corte.   Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación, hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.   Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociación De Licenciados De Filadelfia
Servicio De Referencia E Información Legal
1101 Market Street - 11th Floor
Philadelphia, PA 19107
Teléfono:   (215) 238-6333

Case ID: 211000057

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504              *Attorneys for Plaintiff*
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060                          <u>Notice to Plead:</u>
Centre Square – West Tower                              You have 20 days to respond to this
Philadelphia, PA   19102                                Complaint of a Default Judgment may
mlalli@stslawfirm.com                                   be entered against you.
p. 215.564.1414
f. 215.564.1919
Our File № 23552                                        *Major Jury Level*

**In the Commonwealth of Pennsylvania Court of Common Pleas**
**Philadelphia County**

| | |
|---|---|
| **Jullian Griffin**<br>5122 N. Broad Street<br>Philadelphia, PA 19141 | **October Term, 2021** |
| Plaintiff; | |
| v. | **Civil Action №:** |
| **Betelhem Taye**<br>12806 Epping Terrace<br>Silver Spring, MD 20906 | **Plaintiff's Civil Action Complaint**<br>**Jury Trial Demanded** |
| and | |
| **DoorDash, Inc.**<br>901 Market Street, 6th Floor<br>San Francisco, CA 94103 | |
| Defendants. | |

<u>**Plaintiff's Civil Action Complaint**</u>

1.      Plaintiff, Jullian Griffin (henceforth referred to as "Griffin" or "plaintiff")

is an adult individual who resides at the address identified in the caption above.

2.      Defendant, Betelhem Taye (henceforth referred to as "Taye" or "defendant") is an adult individual who resides at the address identified in the caption above.

3.      Defendant DoorDash, Inc. (henceforth referred to as "DoorDash" or "defendant") is a corporation or other business entity with a registered office located at the address identified in the caption above.

4.      At all times relevant, defendant DoorDash acted through servants, agents, employees, and/or ostensible agents who acted within their scope of employment at defendant, on behalf of defendant, and in furtherance of the goals of defendant.

5.      At all times relevant, defendants regularly conducted business in Philadelphia County and the collision which serves as the basis of this Civil Action Complaint occurred in Philadelphia County.

6.      On or about October 12, 2019, defendant Taye, an employee, agent, servant, and/or ostensible agent of defendant DoorDash was operating a vehicle within the scope of her employment by defendant DoorDash and in furtherance of the goals of defendant DoorDash.

7.      At the above-referenced date and time, defendant Taye was operating said vehicle at or near the intersection of Rising Sun and Godfrey Avenue in Philadelphia, PA.

8.     At the above-referenced date, time, and location, plaintiff was also operating a vehicle.

9.     At the above-referenced date and time, and at the above-referenced location, defendant Taye negligently operated the vehicle on behalf of defendant DoorDash and rear-ended plaintiff's vehicle while he was stopped at a red light.

10.    As a result of this collision, plaintiff suffered serious and permanent injuries as described more fully below.

11.    The aforesaid collision resulted solely from the negligence and carelessness of defendants, and was due, in no manner whatsoever, to any act or failure to act on the part of the plaintiff.

12.    At all relevant times, plaintiff was either: a) covered by a full tort option insurance policy, b) deemed full tort because plaintiff neither owned an automobile nor lived with a resident relative who owned a vehicle, c) deemed full tort because plaintiff suffered serious injury as defined in 75 Pa.C.S.A. § 1702 permitting him to bring a claim for pain and suffering or other non-monetary damages, or d) deemed full tort as enumerated in 75 Pa.C.S.A. § 1705(d)(1), (2), and (3).

**Count I**
**Griffin v. Taye**
**<u>Negligence</u>**

13.    Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth herein at length.

14.     The aforesaid collision resulted solely from the negligence and careless of

defendant and was due in no manner whatsoever to any act or failure to act on the part

of plaintiff.

15.     The negligence and carelessness of defendant Taye consisted of the

following:

a.      Failing to properly operate and control defendant's motor-vehicle;

b.      Failing to maintain a proper lookout;

c.      Violations of the statutes of the Commonwealth of Pennsylvania and the

City of Philadelphia governing the operation of motor-vehicles;

d.      Failing to keep a sharp lookout;

e.      Failing to keep a watchful eye;

f.      Failing to obey traffic control devices;

g.      Failing to maintain his lane;

h.      Failing to safely operate and control defendant's motor-vehicle;

i.      Deviating from the standards and/or policies established by defendant

DoorDash related to the operation of motor-vehicles;

j.      Failing to avoid striking plaintiff's vehicle; and,

k.      Striking plaintiff's vehicle.

16.     As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back, and neck.

17.     As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

18.     As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

19.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

20.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

21.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore**, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

## Count II
## Griffin v. DoorDash
## Respondeat Superior

22.    Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth at length herein.

23.    The aforesaid collision resulted from the negligence and carelessness of defendant DoorDash herein and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

24.    The negligence and carelessness of defendant DoorDash, its agents, servants, and/or employees consisted of the following:

a.    Defendant Taye was an employee of defendant DoorDash at the time of the collision;

b.    Defendant Taye was acting as an agent, servant, employee and/or ostensible agent of defendant DoorDash at the time of the collision;

c.    Defendant Taye was carrying out the duties and responsibilities of defendant DoorDash and in furtherance of the goals of defendant DoorDash at the time of the collision;

d.    Defendant Taye was acting within his scope of employment of defendant DoorDash at the time of the collision; and,

e.       Vicarious liability for the negligent acts of defendant Taye.

25.     As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back, and neck.

26.     As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

27.     As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

28.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

29.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

30.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

Case ID: 211000057

**Wherefore,** plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

**Count III**
**Griffing v. DoorDash**
**Negligence**

31.     Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth herein at length.

32.     The aforesaid collision resulted solely from the negligence and careless of defendant and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

33.     The negligence and/or carelessness of defendant included the following:

a.      Failing to properly operate and control defendant's motor-vehicle;

b.      Failing to maintain a proper lookout;

c.      Violations of the statutes of the Commonwealth of Pennsylvania and the City of Philadelphia governing the operation of motor-vehicles;

d.      Failing to keep a sharp lookout;

e.      Failing to keep a watchful eye;

f.      Failing to obey traffic control devices;

g.      Failing to maintain his lane;

h.     Failing to safely operate and control defendant's motor-vehicle;

i.     Deviating from the standards and/or policies established by defendant

       DoorDash related to the operation of motor-vehicles.

j.     Failing to implement and/or adequately enforce practices, standards,

       and/or policies related to its employees operating motor-vehicles;

k.     Failing to properly hire and or train its employees who would be
       operating motor-vehicles on its behalf to ensure other motorists would not
       be exposed to unreasonable dangers on the roadways;

l.     Failing to avoid striking plaintiff's vehicle; and,

m.     Striking plaintiff's vehicle.

34.    As a direct and proximate result of this collision, plaintiff suffered serious

and severe bodily injuries which are or may be permanent in nature, including injuries

to his head, back and neck.

35.    As a further result of this collision, plaintiff has been obligated to receive

medical attention and care for his injuries, and to incur various expenses for said care,

and may be obligated to continue to expend such sums and expenditures for an

indefinite time in the future, and therefore, plaintiff is entitled to recover any and all

medical expenses and costs.

36.    As a further result of this collision, plaintiff has been unable to attend to

his daily chores, duties, and occupations, and may be unable to do so for an indefinite

period of time in the future.

37.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

38.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

39.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore**, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount within the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

**Silverman, Trotman & Schneider, LLC**

By: _____

Louis Silverman, Esquire
Michael Lalli, Esquire
1500 Market Street – Suite 4060
Centre Square – West Tower
Philadelphia, PA 19102
lsilverman@stslawfirm.com
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
*Attorneys for Plaintiff*

Dated:  October 4, 2021

## VERIFICATION

I, _Jullian Griffin_ , hereby states that I am the plaintiff in this action and verify that the statements made in the foregoing _Civil Action Complaint_ are true and correct to the best of my knowledge, information and belief.  I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4909 relating to unsworn falsification to authorities.

Date: _10/4/2021_                                     X _Juillian Griffin_

FILED
19 JAN 2022 02:08 pm
Civil Administration

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| JULLIAN GRIFFIN | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| *Plaintiff,* | CIVIL ACTION |
| v. | |
| | OCTOBER TERM, 2021 |
| BETELHEM TAYE and DOORDASH, INC. | |
| | NO. 0057 |
| *Defendants.* | |
| | ***Jury Trial Demanded*** |

## REVISED CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party:    <u>Betelhem Taye</u>   By:  <u>Gaetano Mercogliano, Esquire/Louis J. Vogel, Jr./Esquire</u>

Counsel's address and telephone number (IMPORTANT)
        Sweeney & Sheehan
        1515 Market Street, Suite 1900
        Philadelphia, PA  19102
        215-563-9811

**PART A**
(*To be completed in Personal Injury cases*)

1.    Date of accident or occurrence:<u> October 12, 2019</u>

       1(a).  Age of Plaintiff(s): <u>Unknown</u>

2.    Most serious injuries sustained: <u>Upon information and belief, soft tissue injuries</u>

3.    Is there any permanent injury claimed: <u>Unknown other than the Complaint</u>  ☐ Yes  ☐ No

       If yes, indicate the type of permanent injury: _____

4.    Dates of medical treatment: <u>See Plaintiff's Case Management Memorandum</u>

5.    Is medical treatment continuing? <u>Unknown </u>         ☐ Yes         ☐ No

6.    Has there been an inpatient hospitalization? <u>Unknown</u>   ☐ Yes   ☐ No

*This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.*

7.      Has there been any surgery?                    ☐ Yes        ☑ No

        If yes, indicate the type of surgery:  N/A

8.      Approximate medical bills to date:  Underline Unknown

        Approximate medical bills recoverable in this case:  Unknown

9.      Are there any existing liens (Workers' Compensation, DPW, Medical, etc.)?
        Unknown             ☐ Yes ☐ No

        If yes, what type and approximate amount?

10.     Time lost from work: Unknown

11.     Approximate past lost wages: Unknown

12.     Is there a claim for future lost earning capacity? Unknown  ☐ Yes   ☐ No

        If yes, approximate future lost earning capacity:  Unknown

13.     Are there any related cases or claims pending?        ☐Yes        ☑ No

        If so, list caption(s) or other appropriate identifier:

14.     Do you anticipate joining additional parties?         ☐ Yes       ☑ No

15.     Plaintiff's factual position as to liability:  See Plaintiff's Case Management Memorandum

16.     Defense factual position as to liability:  Defendant Bethelhem Taye was not negligent, was
        not the cause of the October 12, 2019, and was not the proximate cause of Plaintiff's alleged
        injuries.

17.     Defense position as to causation of injuries alleged: Defendant denies causation.

18.     Identify all applicable insurance coverage:

        *Defendant*          *Insurance Carrier*           *Coverage Limits*

        Betelhem Taye        Voyager Indemnity Ins. Co.    $1M

        Are there issues as to the applicability of the
        above insurance coverage?                          ☐Yes        ☑ No

19.     Demand: $125,000        Offer: $   0

FILED
24 JAN 2022 02:50 pm
Civil Administration
B. KOCH

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA CIVIL TRIAL DIVISION**

| | |
|---|---|
| **Griffin** | **October Term, 2021** |
| **v.** | |
| **Taye, et al.** | **№ 00057** |

**CASE MANAGEMENT CONFERENCE MEMORANDUM**

Filing Party: **Jullian Griffin**      By:      **Michael Lalli, Esquire**

Counsel's address and telephone number:      **Silverman, Trotman & Schneider, LLC; 1500 Market Street – Suite 4060, Centre Square – West Tower, Philadelphia, PA 19102; Email: mlalli@stslawfirm.com; Phone: 215.564.1414; Fax: 215.564.1919**

**PART A**

1. Date of accident or occurrence:      **October 12, 2019**

2. Date of birth of your client:      **February 26, 1996 (23 at time)**

3. Most serious injuries sustained:      **Disc protrusions at C4-54, C5-6, and L4-5; Cervical and Lumbar disc sprain/strain; Bilateral shoulder sprain/strain**

4. Is there any permanent injury claimed?      **Yes, see above.**

5. Dates of medical treatment?      **10/13/19 – 6/24/21 (ER, Orthopedic Evaluations, Physical Therapy, Injections)**

6. Is medical treatment continuing?      **No.**

7. Has there been an inpatient hospitalization?      **No.**

8. Has there been any surgery?      **Not to date.**

9. Approximate medical bills to date:                          **$22,198**

10. Approximate medical bills recoverable in this case:        **To be determined**

11. Are there any existing liens?                              **None to date**

   If yes, what type and approximate amount?    **N/A**

12. Time lost from work:                                       **N/A**

13. Approximate past lost wages:                               **N/A**

14. Is there a claim for future lost earning capacity?         **Not at this time.**

15. Are there any related cases or claims pending?             **Not to plaintiff's knowledge.**

16. Do you anticipate joining additional parties?             **Not to plaintiff's knowledge.**

17. Summary of facts:                                          **Plaintiff was stopped at a red light when he was rear-ended by defendant.**

18. Defense factual position as to liability:                 **See defense memo**

19. Defense position as to causation of injuries alleged:     **See defense memo**

20. Identify all applicable insurance coverage:               **See defense memo**

21. Issues as to applicability of insurance coverage:         **See defense memo**

22.    Demand:    **$165,000**                 Offer**:**    **None**

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
27 JAN 2022 11:27 am
M. RUSSO

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

        Kindly reinstate the Complaint that was filed in connection with the above referenced matter.


                        **SILVERMAN TROTMAN & SCHNEIDER, LLC**


                        /s/*Michael P. Lalli, Esquire*
                        Michael P. Lalli, Esquire
                        *Attorney for Plaintiff*



Date: *January 27, 2022*

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **OCTOBER 2021** **000057** |
| | E-Filing Number: 2110004043 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JULLIAN GRIFFIN | TAYE BETELHEM |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5122 N. BROAD STREET<br>PHILDELPHIA PA 19141 | 12806 EPPING TERRACE<br>SILVER SPRING MD 20906 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | DOORDASH, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 901 MARKET STREET<br>SAN FRANCISCO CA 94103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | |
|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort  ☐ Commerce  ☐ Settlement<br>☐ Savings Action  ☐ Minor Court Appeal  ☐ Minors<br>☐ Petition  ☐ Statutory Appeals  ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2V – MOTOR VEHICLE ACCIDENT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br>OCT **04** 2021<br>**M. BRYANT** | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JULLIAN GRIFFIN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL P. LALLI | 1500 MARKET STREET<br>CENTRE SQUARE - WEST TOWER<br>SUITE 4060<br>PHILADELPHIA PA 19102 |
| PHONE NUMBER          FAX NUMBER | |
| (215)564-1414          (215)564-1919 | |
| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| 203201 | mlalli@stslawfirm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| MICHAEL LALLI | Monday, October 04, 2021, 12:02 pm |

Case ID: 211000057

FINAL COPY (Approved by the Prothonotary Clerk)

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
Our File № 23552



Filed and Attested by the
Office of Judicial Records
24 JAN 2022 12:27 pm
M. RUSSO

*Attorneys for Plaintiff*

**Notice to Plead:**
You have 20 days to respond to this
Complaint of a Default Judgment may
be entered against you.

*Major Jury Level*

## In the Commonwealth of Pennsylvania Court of Common Pleas
### Philadelphia County

**Jullian Griffin**
5122 N. Broad Street
Philadelphia, PA 19141

                  Plaintiff;

   v.

**Betelhem Taye**
12806 Epping Terrace
Silver Spring, MD 20906

   and

**DoorDash, Inc.**
901 Market Street, 6th Floor
San Francisco, CA 94103

                  Defendants.

**October Term, 2021**

**Civil Action №:**

**Plaintiff's Civil Action Complaint**
    **Jury Trial Demanded**

## Notice

    You have been sued in court, if you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.   You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for

any other claim or relief requested by the Plaintiff.   You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information
1101 Market Street - 11th Floor
Philadelphia, PA 19107
(215) 238-6333
**<u>Aviso</u>**

Le han demandado a usted en la corte.   Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación, hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.   Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociación De Licenciados De Filadelfia
Servicio De Referencia E Información Legal
1101 Market Street - 11th Floor
Philadelphia, PA 19107
Teléfono:   (215) 238-6333

**Silverman, Trotman & Schneider, LLC**

Louis T. Silverman, Esquire, Id № 51504

Michael Lalli, Esquire, Id. № 203201

1500 Market Street, Suite 4060

Centre Square – West Tower

Philadelphia, PA   19102

mlalli@stslawfirm.com

p. 215.564.1414

f. 215.564.1919

Our File № 23552

*Attorneys for Plaintiff*

<u>Notice to Plead:</u>

You have 20 days to respond to this Complaint of a Default Judgment may be entered against you.

*Major Jury Level*

**In the Commonwealth of Pennsylvania Court of Common Pleas**
**Philadelphia County**

| | |
|---|---|
| **Jullian Griffin**<br>5122 N. Broad Street<br>Philadelphia, PA 19141<br><br>                    Plaintiff;<br><br>    v.<br><br>**Betelhem Taye**<br>12806 Epping Terrace<br>Silver Spring, MD 20906<br><br>    and<br><br>**DoorDash, Inc.**<br>901 Market Street, 6th Floor<br>San Francisco, CA 94103<br>                    Defendants. | **October Term, 2021**<br><br>**Civil Action №:**<br><br><br><br>**Plaintiff's Civil Action Complaint**<br>**Jury Trial Demanded** |

<u>**Plaintiff's Civil Action Complaint**</u>

1.     Plaintiff, Jullian Griffin (henceforth referred to as "Griffin" or "plaintiff")

is an adult individual who resides at the address identified in the caption above.

Case ID: 211000057

2.     Defendant, Betelhem Taye (henceforth referred to as "Taye" or "defendant") is an adult individual who resides at the address identified in the caption above.

3.     Defendant DoorDash, Inc. (henceforth referred to as "DoorDash" or "defendant") is a corporation or other business entity with a registered office located at the address identified in the caption above.

4.     At all times relevant, defendant DoorDash acted through servants, agents, employees, and/or ostensible agents who acted within their scope of employment at defendant, on behalf of defendant, and in furtherance of the goals of defendant.

5.     At all times relevant, defendants regularly conducted business in Philadelphia County and the collision which serves as the basis of this Civil Action Complaint occurred in Philadelphia County.

6.     On or about October 12, 2019, defendant Taye, an employee, agent, servant, and/or ostensible agent of defendant DoorDash was operating a vehicle within the scope of her employment by defendant DoorDash and in furtherance of the goals of defendant DoorDash.

7.     At the above-referenced date and time, defendant Taye was operating said vehicle at or near the intersection of Rising Sun and Godfrey Avenue in Philadelphia, PA.

8.     At the above-referenced date, time, and location, plaintiff was also operating a vehicle.

9.     At the above-referenced date and time, and at the above-referenced location, defendant Taye negligently operated the vehicle on behalf of defendant DoorDash and rear-ended plaintiff's vehicle while he was stopped at a red light.

10.     As a result of this collision, plaintiff suffered serious and permanent injuries as described more fully below.

11.     The aforesaid collision resulted solely from the negligence and carelessness of defendants, and was due, in no manner whatsoever, to any act or failure to act on the part of the plaintiff.

12.     At all relevant times, plaintiff was either: a) covered by a full tort option insurance policy, b) deemed full tort because plaintiff neither owned an automobile nor lived with a resident relative who owned a vehicle, c) deemed full tort because plaintiff suffered serious injury as defined in 75 Pa.C.S.A. § 1702 permitting him to bring a claim for pain and suffering or other non-monetary damages, or d) deemed full tort as enumerated in 75 Pa.C.S.A. § 1705(d)(1), (2), and (3).

**Count I**
**Griffin v. Taye**
<u>**Negligence**</u>

13.     Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth herein at length.

Case ID: 211000057

14.     The aforesaid collision resulted solely from the negligence and careless of defendant and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

15.     The negligence and carelessness of defendant Taye consisted of the following:

a.     Failing to properly operate and control defendant's motor-vehicle;

b.     Failing to maintain a proper lookout;

c.     Violations of the statutes of the Commonwealth of Pennsylvania and the City of Philadelphia governing the operation of motor-vehicles;

d.     Failing to keep a sharp lookout;

e.     Failing to keep a watchful eye;

f.     Failing to obey traffic control devices;

g.     Failing to maintain his lane;

h.     Failing to safely operate and control defendant's motor-vehicle;

i.     Deviating from the standards and/or policies established by defendant DoorDash related to the operation of motor-vehicles;

j.     Failing to avoid striking plaintiff's vehicle; and,

k.     Striking plaintiff's vehicle.

16.     As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back, and neck.

17.     As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

18.     As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

19.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

20.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

21.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore**, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

**Count II**
**Griffin v. DoorDash**
**<u>Respondeat Superior</u>**

22.     Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth at length herein.

23.     The aforesaid collision resulted from the negligence and carelessness of defendant DoorDash herein and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

24.     The negligence and carelessness of defendant DoorDash, its agents, servants, and/or employees consisted of the following:

a.     Defendant Taye was an employee of defendant DoorDash at the time of the collision;

b.     Defendant Taye was acting as an agent, servant, employee and/or ostensible agent of defendant DoorDash at the time of the collision;

c.     Defendant Taye was carrying out the duties and responsibilities of defendant DoorDash and in furtherance of the goals of defendant DoorDash at the time of the collision;

d.     Defendant Taye was acting within his scope of employment of defendant DoorDash at the time of the collision; and,

Case ID: 211000057

e.      Vicarious liability for the negligent acts of defendant Taye.

25.     As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back, and neck.

26.     As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

27.     As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

28.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

29.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

30.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

Case ID: 211000057

**Wherefore,** plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

**Count III**
**Griffing v. DoorDash**
**Negligence**

31.    Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth herein at length.

32.    The aforesaid collision resulted solely from the negligence and careless of defendant and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

33.    The negligence and/or carelessness of defendant included the following:

a.    Failing to properly operate and control defendant's motor-vehicle;

b.    Failing to maintain a proper lookout;

c.    Violations of the statutes of the Commonwealth of Pennsylvania and the City of Philadelphia governing the operation of motor-vehicles;

d.    Failing to keep a sharp lookout;

e.    Failing to keep a watchful eye;

f.    Failing to obey traffic control devices;

g.    Failing to maintain his lane;

h.      Failing to safely operate and control defendant's motor-vehicle;

i.      Deviating from the standards and/or policies established by defendant

DoorDash related to the operation of motor-vehicles.

j.      Failing to implement and/or adequately enforce practices, standards,

and/or policies related to its employees operating motor-vehicles;

k.      Failing to properly hire and or train its employees who would be
operating motor-vehicles on its behalf to ensure other motorists would not
be exposed to unreasonable dangers on the roadways;

l.      Failing to avoid striking plaintiff's vehicle; and,

m.      Striking plaintiff's vehicle.

34.      As a direct and proximate result of this collision, plaintiff suffered serious

and severe bodily injuries which are or may be permanent in nature, including injuries

to his head, back and neck.

35.      As a further result of this collision, plaintiff has been obligated to receive

medical attention and care for his injuries, and to incur various expenses for said care,

and may be obligated to continue to expend such sums and expenditures for an

indefinite time in the future, and therefore, plaintiff is entitled to recover any and all

medical expenses and costs.

36.      As a further result of this collision, plaintiff has been unable to attend to

his daily chores, duties, and occupations, and may be unable to do so for an indefinite

period of time in the future.

37.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

38.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

39.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore**, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount within the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

**Silverman, Trotman & Schneider, LLC**

By: _____

Louis Silverman, Esquire
Michael Lalli, Esquire
1500 Market Street – Suite 4060
Centre Square – West Tower
Philadelphia, PA 19102
lsilverman@stslawfirm.com
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
*Attorneys for Plaintiff*

Dated:   October 4, 2021

## VERIFICATION

I, Jullian Griffin , hereby states that I am the plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4909 relating to unsworn falsification to authorities.

Date: 10 / 4 / 2021

X _Juillian Griffin_

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
08 MAR 2022 09:22 am
E. HAURIN

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

                    **SILVERMAN TROTMAN & SCHNEIDER, LLC**

                    */s/Michael P. Lalli, Esquire*
                    Michael P. Lalli, Esquire
                    *Attorney for Plaintiff*

Date: <u>*March 8, 2022*</u>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
28 MAR 2022 09:04 am
G. IMPERATO

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

Kindly reinstate the Complaint that was filed in connection with the above referenced matter.


                                        **SILVERMAN TROTMAN & SCHNEIDER, LLC**


                                        */s/Michael P. Lalli, Esquire*
                                        Michael P. Lalli, Esquire
                                        *Attorney for Plaintiff*



Date: <u>*March 28, 2022*</u>

Case ID: 211000057

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff* 

---

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

---

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

 Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

        **SILVERMAN TROTMAN & SCHNEIDER, LLC**

        <u>*/s/Michael P. Lalli, Esquire*</u>
        Michael P. Lalli, Esquire
        *Attorney for Plaintiff*

Date: <u>*April 18, 2022*</u>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
06 MAY 2022 11:02 am
G. IMPERATO

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

 

 

**SILVERMAN TROTMAN & SCHNEIDER, LLC**

<u>/s/Michael P. Lalli, Esquire</u>
Michael P. Lalli, Esquire
*Attorney for Plaintiff*

 

 

Date: <u>*May 6, 2022*</u>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Louis T. Silverman, Esq.
Identification No: 51504
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA 19102
mlalli@stslawfirm.com
PH: 215-564-1414
Our File No.: 23552

Filed and Attested by the
Office of Judicial Records
28 JUN 2022 12:24 pm
B. MERCEDES

| Jullian Griffin | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | **No. 0057** |
| **Bethlehem Taye, Et Al** | : | |
| *Defendants* | : | |

### AFFIDAVIT OF SERVICE

I, Michael Lalli, Esquire, being properly sworn according to law, hereby depose and say that:

1.    I am the attorney for the above Plaintiff.

2.    Plaintiffs served a copy of the Complaint upon defendant, DoorDash in this matter in the following manner:

a.    The Complaint was sent certified mail and delivered on June 21, 2022 to the below out of state address. (see letter and electronic return receipt).

**DoorDash**
**303 2nd Street, Suite 800**
**San Francisco, CA 94107**

                    **SILVERMAN TROTMAN & SCHNEIDER, LLC**

                    *Michael Lalli, Jr., Esquire*
                    Michael Lalli, Jr., Esquire
                    *Attorney for Plaintiff*





Filed and Attested by the
Office of Judicial Records
28 JUN 2022 12:24 pm
B. MERCEDES

## Proof of Acceptance (Electronic)

Date : 6/21/2022

Company Name : Silverman, Trotman & Schneider

Certified Mail Article Number 9314869904300096332775 addressed to DoorDash

| USPS Event Date/Time | USPS Event Description | USPS Event Location |
|---|---|---|
| 6/21/2022 2:54 PM | DELIVERED FRONT DESKRECEPTIONMAIL ROOM | SAN FRANCISCO, CA 94107 |

The article number and United States Postal Service (USPS®) tracking event details provided above is a true extract of information provided by the USPS to CertifiedPro.net, a solution provided by Covius Document Services, LLC.

Recipient Mailing Address:

DoorDash
303 2nd Street, Suite 800
San Francisco, CA 94107

The above information is for the sole use of CertifiedPro.net clients and represents information provided by the United States Postal Service.

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Louis T. Silverman, Esq.
Identification No: 51504
By: Michael P. Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA 19102
Mlalli@stslawfirm.com
PH: 215-564-1414
Our File No.: 23552



*Filed and Attested by the Office of Judicial Records 13 OCT 2021 02:51 pm G. IMPERATO*

| JULLIAN GRIFFIN | | : | **PHILADELPHIA COUNTY** |
|---|---|---|---|
| | *Plaintiffs,* | : | **COURT OF COMMON PLEAS** |
| | | : | |
| vs. | | : | **OCTOBER TERM, 2021** |
| | | : | **No. 0057** |
| **BETELHEM TAYE, ET AL** | | : | |
| | | : | |
| | *Defendants* | : | |

**AFFIDAVIT OF SERVICE**

    I, Michael P. Lalli, Esquire, being properly sworn according to law, hereby depose and say that:

    1.     I am the attorney for the above Plaintiff.

    2.     Plaintiff served a copy of the Complaint upon defendant, Betelhem Taye in this matter in the following manner:

              a.     The Complaint was sent certified mail and delivered on October 7, 2021 to the below out of state address. (see letter and electronic return receipt).

**Betelhem Taye**
**12086 Epping Terrrace**
**Silver Spring, MD 20906**

                          **SILVERMAN TROTMAN & SCHNEIDER, LLC**

                          *Michael P. Lalli, Esquire*
                          Michael P. Lalli, Esquire
                          *Attorney for Plaintiff*



October 8, 2021

Dear WALZ GROUP:

*Filed and Attested by the
Office of Judicial Records
13 OCT 2021 02:51 pm
G. IMPERATO*

The following is in response to your request for proof of delivery on your item with the tracking number:
**9314 8699 0430 0087 2644 12**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | October 7, 2021, 10:53 a.m. |
| **Location:** | SILVER SPRING, MD 20906 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Taye Betelhem |

| Shipment Details | |
| --- | --- |
| **Weight:** | 3.5oz |

| Destination Delivery Address | |
| --- | --- |
| **Street Address:** | 12806 EPPING TER |
| **City, State ZIP Code:** | SILVER SPRING, MD 20906-3868 |

**Recipient Signature**

Signature of Recipient: LB 57 CIG   LB 57 CIG

12806 EPPING TER SILVER
SPRING, MD 20906

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

--------------------------------------------------------------------------------------------------------------------

Information in this section provided by Covius Document Services, LLC.

Case ID: 211000057

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
Our File № 23552

*Filed and Attested by the Office of Judicial Records 04 OCT 2021 12:02 pm M. BRYANT*

*Attorneys for Plaintiff*

**Notice to Plead:**
You have 20 days to respond to this
Complaint of a Default Judgment may
be entered against you.

*Major Jury Level*

**In the Commonwealth of Pennsylvania Court of Common Pleas**
**Philadelphia County**

| | |
|---|---|
| **Jullian Griffin**<br>5122 N. Broad Street<br>Philadelphia, PA 19141<br><br>        Plaintiff;<br><br>  v.<br><br>**Betelhem Taye**<br>12806 Epping Terrace<br>Silver Spring, MD 20906<br><br>  and<br><br>**DoorDash, Inc.**<br>901 Market Street, 6th Floor<br>San Francisco, CA 94103<br><br>        Defendants. | **October Term, 2021**<br><br>**Civil Action №:**<br><br><br><br>**Plaintiff's Civil Action Complaint**<br>**Jury Trial Demanded** |

**Notice**

     You have been sued in court, if you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after the complaint and notice
are served, by entering a written appearance personally or by attorney and filing in writing
with the court your defenses or objections to the claims set forth against you.   You are warned
that if you fail to do so the case may proceed without you and a judgment may be entered
against you by the court without further notice for any money claimed in the complaint or for

any other claim or relief requested by the Plaintiff.   You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information
1101 Market Street - 11th Floor
Philadelphia, PA 19107
(215) 238-6333

<u>Aviso</u>

Le han demandado a usted en la corte.   Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación, hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.   Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociación De Licenciados De Filadelfia
Servicio De Referencia E Información Legal
1101 Market Street - 11th Floor
Philadelphia, PA 19107
Teléfono:   (215) 238-6333

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
Our File № 23552

*Attorneys for Plaintiff*

**Notice to Plead:**
You have 20 days to respond to this
Complaint of a Default Judgment may
be entered against you.

*Major Jury Level*

### In the Commonwealth of Pennsylvania Court of Common Pleas
### Philadelphia County

| | |
|---|---|
| **Jullian Griffin**<br>5122 N. Broad Street<br>Philadelphia, PA 19141 <br><br>            Plaintiff;<br><br>   v.<br><br>**Betelhem Taye**<br>12806 Epping Terrace<br>Silver Spring, MD 20906<br><br>   and<br><br>**DoorDash, Inc.**<br>901 Market Street, 6th Floor<br>San Francisco, CA 94103<br><br>         Defendants. | **October Term, 2021**<br><br>**Civil Action №:**<br><br><br>**Plaintiff's Civil Action Complaint**<br>**Jury Trial Demanded** |

### Plaintiff's Civil Action Complaint

1.      Plaintiff, Jullian Griffin (henceforth referred to as "Griffin" or "plaintiff")

is an adult individual who resides at the address identified in the caption above.

Case ID: 2110000

2.      Defendant, Betelhem Taye (henceforth referred to as "Taye" or "defendant") is an adult individual who resides at the address identified in the caption above.

3.      Defendant DoorDash, Inc. (henceforth referred to as "DoorDash" or "defendant") is a corporation or other business entity with a registered office located at the address identified in the caption above.

4.      At all times relevant, defendant DoorDash acted through servants, agents, employees, and/or ostensible agents who acted within their scope of employment at defendant, on behalf of defendant, and in furtherance of the goals of defendant.

5.      At all times relevant, defendants regularly conducted business in Philadelphia County and the collision which serves as the basis of this Civil Action Complaint occurred in Philadelphia County.

6.      On or about October 12, 2019, defendant Taye, an employee, agent, servant, and/or ostensible agent of defendant DoorDash was operating a vehicle within the scope of her employment by defendant DoorDash and in furtherance of the goals of defendant DoorDash.

7.      At the above-referenced date and time, defendant Taye was operating said vehicle at or near the intersection of Rising Sun and Godfrey Avenue in Philadelphia, PA.

8.      At the above-referenced date, time, and location, plaintiff was also operating a vehicle.

9.      At the above-referenced date and time, and at the above-referenced location, defendant Taye negligently operated the vehicle on behalf of defendant DoorDash and rear-ended plaintiff's vehicle while he was stopped at a red light.

10.     As a result of this collision, plaintiff suffered serious and permanent injuries as described more fully below.

11.     The aforesaid collision resulted solely from the negligence and carelessness of defendants, and was due, in no manner whatsoever, to any act or failure to act on the part of the plaintiff.

12.     At all relevant times, plaintiff was either: a) covered by a full tort option insurance policy, b) deemed full tort because plaintiff neither owned an automobile nor lived with a resident relative who owned a vehicle, c) deemed full tort because plaintiff suffered serious injury as defined in 75 Pa.C.S.A. § 1702 permitting him to bring a claim for pain and suffering or other non-monetary damages, or d) deemed full tort as enumerated in 75 Pa.C.S.A. § 1705(d)(1), (2), and (3).

### Count I
### Griffin v. Taye
### Negligence

13.     Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth herein at length.

14.     The aforesaid collision resulted solely from the negligence and careless of defendant and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

15.     The negligence and carelessness of defendant Taye consisted of the following:

a.      Failing to properly operate and control defendant's motor-vehicle;

b.      Failing to maintain a proper lookout;

c.      Violations of the statutes of the Commonwealth of Pennsylvania and the City of Philadelphia governing the operation of motor-vehicles;

d.      Failing to keep a sharp lookout;

e.      Failing to keep a watchful eye;

f.      Failing to obey traffic control devices;

g.      Failing to maintain his lane;

h.      Failing to safely operate and control defendant's motor-vehicle;

i.      Deviating from the standards and/or policies established by defendant DoorDash related to the operation of motor-vehicles;

j.      Failing to avoid striking plaintiff's vehicle; and,

k.      Striking plaintiff's vehicle.

Case ID: 2110000

16.     As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back, and neck.

17.     As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

18.     As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

19.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

20.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

21.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore**, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

## Count II
## Griffin v. DoorDash
## <u>Respondeat Superior</u>

22.    Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth at length herein.

23.    The aforesaid collision resulted from the negligence and carelessness of defendant DoorDash herein and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

24.    The negligence and carelessness of defendant DoorDash, its agents, servants, and/or employees consisted of the following:

a.    Defendant Taye was an employee of defendant DoorDash at the time of the collision;

b.    Defendant Taye was acting as an agent, servant, employee and/or ostensible agent of defendant DoorDash at the time of the collision;

c.    Defendant Taye was carrying out the duties and responsibilities of defendant DoorDash and in furtherance of the goals of defendant DoorDash at the time of the collision;

d.    Defendant Taye was acting within his scope of employment of defendant DoorDash at the time of the collision; and,

e.     Vicarious liability for the negligent acts of defendant Taye.

25.     As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back, and neck.

26.     As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

27.     As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

28.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

29.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

30.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore,** plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

### Count III
### Griffing v. DoorDash
### Negligence

31.     Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth herein at length.

32.     The aforesaid collision resulted solely from the negligence and careless of defendant and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

33.     The negligence and/or carelessness of defendant included the following:

a.     Failing to properly operate and control defendant's motor-vehicle;

b.     Failing to maintain a proper lookout;

c.     Violations of the statutes of the Commonwealth of Pennsylvania and the City of Philadelphia governing the operation of motor-vehicles;

d.     Failing to keep a sharp lookout;

e.     Failing to keep a watchful eye;

f.     Failing to obey traffic control devices;

g.     Failing to maintain his lane;

h.     Failing to safely operate and control defendant's motor-vehicle;

i.     Deviating from the standards and/or policies established by defendant DoorDash related to the operation of motor-vehicles.

j.     Failing to implement and/or adequately enforce practices, standards, and/or policies related to its employees operating motor-vehicles;

k.     Failing to properly hire and or train its employees who would be operating motor-vehicles on its behalf to ensure other motorists would not be exposed to unreasonable dangers on the roadways;

l.     Failing to avoid striking plaintiff's vehicle; and,

m.     Striking plaintiff's vehicle.

34.     As a direct and proximate result of this collision, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature, including injuries to his head, back and neck.

35.     As a further result of this collision, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, and therefore, plaintiff is entitled to recover any and all medical expenses and costs.

36.     As a further result of this collision, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

Case ID: 21100005

37.     As a further result of this collision, plaintiff has suffered a severe loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

38.     As a further result of this collision, plaintiff has or may continue to incur other financial expenses or losses which he is entitled to recover.

39.     As a further result of this collision, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**Wherefore**, plaintiff demands judgment in his favor and against defendant, for compensatory damages in an amount within the limits of Compulsory Arbitration, plus costs and expenditures, sums, delay damages, Philadelphia Civil Rule *212 damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

**Silverman, Trotman & Schneider, LLC**

By:

Louis Silverman, Esquire
Michael Lalli, Esquire
1500 Market Street – Suite 4060
Centre Square – West Tower
Philadelphia, PA 19102
lsilverman@stslawfirm.com
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
*Attorneys for Plaintiff*

Dated:  October 4, 2021

Case ID: 21100005

## VERIFICATION

I, Jullian Griffin, hereby states that I am the plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4909 relating to unsworn falsification to authorities.

Date: 10/4/2021

X _Juillian Griffin_

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
07 JAN 2022 12:24 pm
S. RICE

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

                                 **SILVERMAN TROTMAN & SCHNEIDER, LLC**

                                 <u>*/s/Michael P. Lalli, Esquire*</u>
                                 Michael P. Lalli, Esquire
                                 *Attorney for Plaintiff*

Date: <u>*January 7, 2022*</u>

Case ID: 211000057

**SILVERMAN TROTMAN & SCHNEIDER, LLC**   Attorneys for Plaintiff
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552



Filed and Attested by the
Office of Judicial Records
27 JAN 2022 11:27 am
M. RUSSO

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

                    **SILVERMAN TROTMAN & SCHNEIDER, LLC**

                    <u>/s/Michael P. Lalli, Esquire</u>
                    Michael P. Lalli, Esquire
                    *Attorney for Plaintiff*

Date: <u>*January 27, 2022*</u>

Case ID: 211000057

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
16 FEB 2022 01:15 pm
G. IMPERATO

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

<br>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**

<u>*/s/Michael P. Lalli, Esquire*</u>
Michael P. Lalli, Esquire
*Attorney for Plaintiff*

Date: <u>*February 16, 2022*</u>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
26 MAY 2022 10:39 am
I. LOWELL

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

                              **SILVERMAN TROTMAN & SCHNEIDER, LLC**

                              */s/Michael P. Lalli, Esquire*
                              Michael P. Lalli, Esquire
                              *Attorney for Plaintiff*

Date: <u>*May 26, 2022*</u>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
14 JUN 2022 08:38 am
G. IMPERATO

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

Kindly reinstate the Complaint that was filed in connection with the above referenced
matter.

**SILVERMAN TROTMAN & SCHNEIDER, LLC**

<u>/s/Michael P. Lalli, Esquire</u>
Michael P. Lalli, Esquire
*Attorney for Plaintiff*

Date: <u>*June 14, 2022*</u>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

        **SILVERMAN TROTMAN & SCHNEIDER, LLC**

        <u>*/s/Michael P. Lalli, Esquire*</u>
        Michael P. Lalli, Esquire
        *Attorney for Plaintiff*

Date: <u>*October 22, 2021*</u>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
11 NOV 2021 09:34 am
R. SCHREIBER

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

Kindly reinstate the Complaint that was filed in connection with the above referenced matter.

**SILVERMAN TROTMAN & SCHNEIDER, LLC**

*/s/Michael P. Lalli, Esquire*
Michael P. Lalli, Esquire
*Attorney for Plaintiff*

Date: <u>*November 11, 2021*</u>

**SILVERMAN TROTMAN & SCHNEIDER, LLC**
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA 19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552

*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
01 DEC 2021 09:30 am
I. LOWELL

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.


                  **SILVERMAN TROTMAN & SCHNEIDER, LLC**


                  */s/Michael P. Lalli, Esquire*
                  Michael P. Lalli, Esquire
                  *Attorney for Plaintiff*


Date: *December 1, 2021*

**SILVERMAN TROTMAN & SCHNEIDER, LLC**    *Attorneys for Plaintiff*
By: Michael Lalli, Esq.
Identification No: 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102
mlalli@stslawfirm.com
215-564-1414 phone
215-564-1919 fax
Our File No.: 23552



Filed and Attested by the
Office of Judicial Records
21 DEC 2021 12:36 pm
M. RUSSO

| | | |
|---|---|---|
| **JULLIAN GRIFFIN** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff,* | : | **COURT OF COMMON PLEAS** |
| | : | |
| vs. | : | **OCTOBER TERM, 2021** |
| | : | |
| **BETELHEM TAYE, ET AL** | : | **No. 0057** |
| *Defendants,* | : | |

<u>**PRAECIPE TO REINSTATE COMPLAINT**</u>

TO THE PROTHONOTARY:

    Kindly reinstate the Complaint that was filed in connection with the above referenced matter.



                    **SILVERMAN TROTMAN & SCHNEIDER, LLC**


                    */s/Michael P. Lalli, Esquire*
                    Michael P. Lalli, Esquire
                    *Attorney for Plaintiff*



Date: <u>*December 21, 2021*</u>

| | |
|---|---|
| JULLIAN GRIFFIN, | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| *Plaintiff,* | CIVIL ACTION |
| v. | |
| | OCTOBER TERM, 2021 |
| BETELHEM TAYE | |
| | NO. 0057 |
| and | |
| DOORDASH, INC. | |
| | |
| *Defendants.* | |

*Filed and Attested by the Office of Judicial Records 07 JUL 2022 02:41 pm N. SWEENEY*

## <u>ORDER</u>

AND NOW, this            day of                          ,    2022,     upon consideration of the Motion of Defendant, Bethelhem Taye, to Compel Plaintiff's Answers to Interrogatories and Requests for Production of Documents, and any Reply thereto, it is hereby:

ORDERED AND DECREED that said motion is GRANTED and that within twenty (20) days of the date hereof, Plaintiff, Jullian Griffin, shall provide full and complete Answers to Interrogatories and Requests for Production of Documents or suffer such sanctions as may be imposed upon application by the Court.

BY THE COURT:

_____
                                                        J.

*Discovery Deadline:  August 1, 2022*

**SWEENEY & SHEEHAN, P.C.**
By:  Gaetano Mercogliano, Esquire
Identification No.:  39766
By:  Louis J. Vogel, Jr., Esqire
Identification No.:  314234
1515 Market Street – 19th Floor
Philadelphia, PA  19102
(215) 563-9811 (phone)
(215) 557-0999 (facsimile)
guy.mercogliano@sweeneyfirm.com
louis.vogel@sweeneyfirm.com

Attorneys for Defendant,
Betelhem Taye

---

| | |
|---|---|
| JULLIAN GRIFFIN, | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| *Plaintiff,* | CIVIL ACTION |
| v. | |
| | OCTOBER TERM, 2021 |
| BETELHEM TAYE | |
| | NO. 0057 |
| and | |
| DOORDASH, INC. | |
| | |
| *Defendants.* | |

---

### MOTION OF DEFENDANT, BETELHEM TAYE, TO COMPEL PLAINTIFF'S ANSWERS TO INTERROGATORIES AND <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Betelhem Taye (hereinafter referred to as "Moving Defendant"), by and through her attorneys, SWEENEY & SHEEHAN, hereby moves this Honorable Court to enter an Order compelling Plaintiff, Jullian Griffin, to serve full and complete Answers to Interrogatories and Requests for Production of Documents, and in support thereof, avers as follows:

      1.    Plaintiff filed a lawsuit for personal injuries arising from an alleged automobile accident which allegedly occurred on or about October 12, 2019.

2.      On or about April 14, 2022, Moving Defendant, served Plaintiff, Jullian Griffin, with Interrogatories and Requests for Production of Documents.  (See Exhibit "A," a true and correct copy of correspondence forwarding Interrogatories and Requests for Production of Documents on Plaintiff's counsel, attached hereto).

3.      More than thirty days passed and Plaintiff, Jullian Griffin, has not produced Answers to Interrogatories and Requests for Production of Documents.

4.      On or about May 20, 2022, Moving Defendant served Plaintiff with correspondence demanding that Answers to Interrogatories and Requests for Production of Documents be forwarded within ten (10) days.  (See Exhibit "B," a true and correct copy of said correspondence, attached hereto).

5.      To date, Plaintiff has not provided the requested responses.

6.      Plaintiff, Jullian Griffin, is in disregard of the applicable Pennsylvania discovery rules as Plaintiff has not served Answers nor objected to same.

7.      The requested Answers seek information which is relevant and reasonably calculated to lead to the discovery of admissible evidence.

8.      The undersigned counsel hereby certifies that all attempts to resolve this discovery dispute without court intervention have failed.

**WHEREFORE**, Moving Defendant respectfully request this Honorable Court enter an Order in the form attached compelling Plaintiff, Jullian Griffin, to answer Interrogatories and Requests for Production of Documents.

**SWEENEY & SHEEHAN**

BY:   *Louis J. Vogel, Jr.*
            Louis J. Vogel, Jr.
            Attorney for Defendant,
            Betelhem Taye

DATE:   July 7, 2022

Certification Due Date: 07/14/2022
Response Date: 07/21/2022
Case ID: 211000057
Control No.: 22071235

## **<u>VERIFICATION</u>**

Louis J. Vogel, Jr. verifies and says that he is an attorney-at-law in the offices of SWEENEY & SHEEHAN, P.C.; that he is authorized to make this Verification; and, that the facts set forth in the foregoing Motion of to Compel Plaintiff's Answers to Interrogatories and Requests for Production of Documents are true and correct to the best of his knowledge, information and belief.  This statement is made subject to the penalties of 18 PA. C.S. Section 4904 relating to unsworn falsification to authorities.

*Louis J. Vogel, Jr.*
Louis J. Vogel, Jr.

DATE:  July 7, 2022

**SWEENEY & SHEEHAN, P.C.**
By:  Gaetano Mercogliano, Esquire
Identification No.:  39766
By:  Louis J. Vogel, Jr., Esqire
Identification No.:  314234
1515 Market Street – 19th Floor
Philadelphia, PA  19102
(215) 563-9811 (phone)
(215) 557-0999 (facsimile)
guy.mercogliano@sweeneyfirm.com
louis.vogel@sweeneyfirm.com

Attorneys for Defendant,
Betelhem Taye

---

| | |
|---|---|
| JULLIAN GRIFFIN, | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| *Plaintiff,* | CIVIL ACTION |
| v. | |
| | OCTOBER TERM, 2021 |
| BETELHEM TAYE | |
| and | NO. 0057 |
| DOORDASH, INC. | |
| | |
| *Defendants.* | |

---

## ATTORNEY CERTIFICATION OF GOOD FAITH
### Pursuant to Phila.Civ.R. *208.2(e)

The undersigned counsel for movant hereby certifies and attests that:

a.     He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

**Description**:  Letter to Defendant's counsel dated May 20, 2022 to which there has been no response.

☐ b.     He or she has made good faith but unsuccessful effort to contact opposing counsel in an effort to resolve the discovery dispute.

**CERTIFIED BY THE COURT:**

*Louis J. Vogel, Jr.*
Attorney for Movant
Betelhem Taye

DATE:   July 7, 2022

*Note: The Signature of Respondent's Counsel is Not Required.*

**SWEENEY & SHEEHAN, P.C.**
By:  Gaetano Mercogliano, Esquire
Identification No.:  39766
By:  Louis J. Vogel, Jr., Esqire
Identification No.:  314234
1515 Market Street – 19th Floor
Philadelphia, PA  19102
(215) 563-9811 (phone)
(215) 557-0999 (facsimile)
guy.mercogliano@sweeneyfirm.com
louis.vogel@sweeneyfirm.com

Attorneys for Defendant,
Betelhem Taye

---

| | |
|---|---|
| JULLIAN GRIFFIN,<br><br>      *Plaintiff,*<br><br> v.<br><br>BETELHEM TAYE<br> and<br>DOORDASH, INC.<br><br>     *Defendants.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL ACTION<br><br>OCTOBER TERM, 2021<br><br>NO. 0057 |

---

**CERTIFICATE OF SERVICE**

   I hereby certify that on July 7, 2022, I caused a true and correct copy of the **MOTION OF DEFENDANT, BETELHEM TAYE TO COMPEL PLAINTIFF JULLIAN GRIFFIN'S ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**, to be filed electronically via the Court's Electronic Filing System, from which it is immediately available to counsel.

        **SWEENEY & SHEEHAN**

       BY:  *Louis J. Vogel, Jr.*
          Louis J. Vogel, Jr.
          Attorney for Defendant,
          Betelhem Taye

DATE:   July 7, 2022

# EXHIBIT A

Certification Due Date: 07/14/2022
Response Date: 07/21/2022
Case ID: 211000057
Control No.: 22071235

## Adelina Salvino

| | |
|---|---|
| **From:** | Adelina Salvino |
| **Sent:** | Thursday, April 14, 2022 11:03 AM |
| **To:** | mlalli@stslawfirm.com |
| **Cc:** | Louis J. Vogel, Jr.; abrooks@moore4law.com |
| **Subject:** | Griffin v. Taye (Our File No. ASR1133) |
| **Attachments:** | Lalli enclosing discovery requests.pdf; ROGS to Plaintiff.pdf; NTP to Plaintiff.pdf |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | mlalli@stslawfirm.com | |
| | Louis J. Vogel, Jr. | Delivered: 4/14/2022 11:03 AM |
| | abrooks@moore4law.com | |

Mr. Lalli,

Please see attached correspondence.

Thank you.

*Adelina Salvino*
Legal Assistant to Louis J. Vogel, Jr., Esquire
and Anastasia L. Baranowski, Esquire
**Sweeney & Sheehan, P.C.**

1515 Market Street, 19th Floor | Philadelphia, PA 19102
**Main:** 215.563.9811 | **Direct Line:** 215-963-2445 | **Fax:** 215.557.0999
adelina.salvino@sweeneyfirm.com

CONFIDENTIALITY NOTICE: This e-mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s).  Any dissemination or use of this e-mail or its contents by persons other than the intended recipient(s) is strictly prohibited.  If you have received this message in error, please notify us immediately by reply e-mail so that we may correct our records.  Please then delete the original message.

IRS CIRCULAR 230 DISCLOSURE:  Any U.S. federal tax advice contained in this communication (including any attachments) is not intended and cannot be used for the purposes of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

Certification Due Date: 07/14/2022
Response Date: 07/21/2022
Case ID: 211000057
Control No.: 22071235

LAW OFFICES

## SWEENEY & SHEEHAN

A PROFESSIONAL CORPORATION
19TH FLOOR - 1515 MARKET STREET
PHILADELPHIA, PA 19102-1983

NEW JERSEY OFFICE
SENTRY OFFICE PLAZA
216 HADDON AVENUE
WESTMONT, NJ 08108
(856) 869-5600   PHONE
(856) 869-5605   FAX

**Louis J. Vogel, Jr.**
(215) 963-2477
louis.vogel@sweeneyfirm.com

(215) 563-9811   PHONE
(215) 557-0999   FAX

April 14, 2022

**VIA EMAIL ONLY**
Michael Lalli, Esquire
SILVERMAN TROTMAN & SCHNEIDER, LLC
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA  19102

> Re:     <u>Jullian Griffin v. Betelhem Taye, et al.</u>
> CCP Philadelphia County, October Term, 2021, No. 0057
> ASR-1133 (00102652282)
> D/O/L:  October 12, 2019

Dear Mr. Lalli:

Enclosed please find Interrogatories and Request for Production of Documents directed to Plaintiff in connection with the above-referenced matter.

Kindly provide responses within the time prescribed by the Rules of Court.

Very truly yours,

**SWEENEY & SHEEHAN**

By:   *Louis J. Vogel, Jr.*
Louis J. Vogel, Jr.

LJV/as
Enclosure
cc:     Albert J. Brooks, Jr., Esquire (w/encl. via email)

Certification Due Date: 07/14/2022
Response Date: 07/21/2022
Case ID: 211000057
Control No.: 22071235

**SWEENEY & SHEEHAN, P.C.**
By:  Gaetano Mercogliano, Esquire
Identification No.:  39766
By:  Louis J. Vogel, Jr., Esquire
Identification No.:  314234
1515 Market Street – 19th Floor
Philadelphia, PA  19102
guy.mercogliano@sweeneyfirm.com
louis.vogel@sweeneyfirm.com

Attorneys for Defendant,
Betelhem Taye

---

| | |
|---|---|
| JULLIAN GRIFFIN,<br><br>                  *Plaintiff,*<br><br>  v.<br><br>BETELHEM TAYE<br><br>  and<br><br>DOORDASH, INC.<br><br>               *Defendants.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL ACTION<br><br>OCTOBER TERM, 2021<br><br>NO. 0057 |

---

<u>**INTERROGATORIES**</u>

TO:          PLAINTIFF

DATE:       April 14, 2022

     You are hereby notified to answer the following Interrogatories within thirty (30) days from the date hereof.

## DEFINITIONS

1.      The term "address" or "location" as hereinafter used in these Interrogatories shall mean the last known address or location giving the street number, street, city and state.

2.      The term "income" as hereinafter used in these Interrogatories shall mean any wages, earnings, profit, remuneration or other income.

3.      The term "institution" as hereinafter used in these Interrogatories shall mean any hospital, clinic, or other medical institution.

4.      The term "medical practitioner" as herein after used in these Interrogatories shall mean any doctor, physician, surgeon, dentist, osteopath, chiropractor, paramedic, nurse (both registered and practical), physiotherapist, or any other person practicing any healing art.

5.      The term "Defendant" as used hereinafter in these Interrogatories shall mean Defendant, its officers, directors, agents, servants, employees, attorneys, representatives, or anyone acting on its behalf.

## INTERROGATORIES

Defendant in the above action hereby serves the within Interrogatories on Plaintiff and makes demands that complete Answers to all of the Interrogatories be placed in the space below each Interrogatory and a copy of the Answers be returned to counsel for Defendant.

All questions shall be deemed continuing and should circumstances change or other information develop, demand is made upon you to file Supplemental Answers to these Interrogatories.

1.      Please state whether, at the time of the accident, the Plaintiff was subject to the Full Tort or Limited Tort Option, and if your Answer is Full Tort Option, please state the reasons therefor.

2.      Identify and produce any and all documents which support or tend to support your Answer to the preceding Interrogatory.

3.      State the total amount of costs or bills incurred in connection with any treatment or care you contend was reasonable and necessary.

4.      With reference to the preceding Answer, state:

(a)      The amounts as calculated pursuant to Act 6 of the Amendment to the Motor Vehicle Financial Responsibility Law.

(b)      Who paid which portion of the costs or bills;

(c)      The extent to which any costs or bills remain unpaid and outstanding and the reason why.

(d)      All persons or entities to whom such costs or bills were submitted, whether actually paid or not.

(e)    Other than a policy of automobile liability insurance, is Plaintiff covered under any other type of policy or contract for medical or health benefits.  If so, identify the company and policy.

5.    State whether at all times material to this action you were covered by automobile insurance.

If your answer is yes, state:

(a)    The names and addresses of all insurance carriers;

(b)    The policy numbers;

(c)    The effective dates;

(d)    The named insureds;

(e)    Any medical expenses you claim are not covered under these policies; and,

(f)    Any other special damages you claim are not covered under these policies.

6.    State:

(a)    Your full name;

(b)    Any aliases by which you have been known or maiden name;

(c)    The date of your birth and birthplace;

(d)    Your present address;

(e)    All your residential addresses during the two (2) year period before this accident;

(f)    Your Social Security Number;

(g)    Your Blue Cross and Blue Shield Group and individual classification numbers;

(h)    Whether you are receiving Social Security benefits and, if so, whether on the basis of age or disability; and

(i)     If you are receiving Social Security benefits as a result of a disability, state the nature of the disability and when it first began.

7.     State:

(a)     The name and location of the most advanced school you have attended;

(b)     The highest grade or class you completed and the year you completed it;

(c)     Whether you graduated and the degrees or certificates you received;

(d)     Any other degrees or certifications you possess and the extent to which you put the same to gainful use; and,

(e)     Any other special skills you claim to have acquired which can be put to gainful use.

8.     State:

(a)     Whether you were married at the time of the accident;

(b)     Whether you have ever been married;

(c)     The date and place of each marriage; and,

(d)     The full maiden or prior name of each spouse.

9.     State:

(a)     The full name and the places and dates of birth of all persons dependent upon you for all or part of their support and, if any of these individuals are adults, the basis for their dependencies; or,

(b)     If you are dependent on others for all or part of your support, state the basis for the dependency.

10.    State:

(a)    The name and address of your employer and your job title on the date of the accident, and all employers for the five (5) years immediately preceding the accident.

(b)    The length of your employment by each;

(c)    Your annual earnings from your employment during each of the five (5) full calendar years and the portion of the calendar year preceding the accident, and your hourly, weekly, monthly or yearly rate of pay at the time of the accident;

(d)    The approximate periods of your absences from gainful employment during each of the five (5) years before the accident.

11.    Are you now or have you ever been a member of the Armed Forces of the United States?

If so, state:

(a)    Your rank;

(b)    Your Serial Number;

(c)    The branch and unit;

(d)    Where you were or are stationed; and,

(e)    How long you were or have been a member of the Armed Forces of the United States.

12.    State the name and address of your employment supervisor on the date of the accident.

13.     State the name and address of your present employment supervisor.


14.     Were you a driver of a vehicle involved in this accident?


15.     If the answer to the foregoing Interrogatory is yes, state whether you were licensed to drive.


16.     If the Answer to the foregoing Interrogatory is yes, state:

        (a)     Where licensed;

        (b)     The license number;

        (c)     The date of issuance;

        (d)     The restrictions; and,

        (e)     Length of time licensed, giving the exact year when first licensed.


17.     State the date and time of day the accident occurred.


18.     State the make, model, type and year of vehicle you were driving.

19.     State whether your vehicle was carrying any cargo and, if so, what kind and how much it weighed.

20.     State whether you were carrying passengers.

        If so, please state:

        (a)     Name and address of each passenger;

        (b)     Where each passenger was seated in the vehicle; and,

        (c)     Whether he or she saw the accident.

21.     With regard to the trip you were taking at the time of the accident, state:

        (a)     Where it started;

        (b)     When it started;

        (c)     Where it was scheduled to end;

        (d)     The stops which you had made prior to the accident;

        (e)     The reason or reasons for each stop; and,

        (f)     On whose behalf and for what purpose the trip was made.

22.     State the weather conditions at the time and place of the accident.

23.    State the condition of the roadway at the time of the accident,  i.e., dry, wet, icy, etc.

24.    Explain the lighting conditions, i.e., natural or artificial, at the time and place of the accident.

25.    State in which direction you were going at the time of the accident.

26.    State whether, at the time of the accident, your vehicle was stopped or moving and, if moving, in what direction and at what speed.

27.    At the time of the accident, state whether your vehicle had a  radio, heater, defroster, or air conditioner and, if so, state if any were on at the time of the accident, and, if so, state which were on.

28.    Did your vehicle leave skid marks?

        If so, state the measurements of the skid marks.

29.     State, in detail, the part or parts of your vehicle damaged as a result of this accident.

30.     State the cost or estimate of repairs to your vehicle.

31.     If you were not the registered owner of the vehicle you were driving at the time of the accident, state:

      (a)     The name and address of the registered owner;

      (b)     By what authority you were driving said motor vehicle.

32.     State whether your vehicle was repaired.

If so, state:

      (a)     The identity and address of the person or persons who repaired it.

      (b)     The cost of the repairs.

33.     State precisely:

      (a)     The place where the accident happened by distance and directions from specific objects or landmarks;

      (b)     The traffic controls, if any, at or near the scene of the accident;

      (c)     What you were doing at the time of this accident or immediately thereafter.

34.     State whether on or before the date of this accident you had any mechanical problems with your vehicle.

       If so, state:

       (a)     The exact nature of the problem;

       (b)     What parts of the vehicle were involved;

       (c)     When you first became aware of the problem;

       (d)     What, if anything, you did to remedy the problem;

       (e)     To whom, if anyone, you reported the problem.

35.     Regarding the vehicle you were operating at the time of the accident, when was it last serviced, inspected and/or repaired prior to the accident?

       (a)     By whom was it serviced, inspected and/or repaired?

       (b)     What type of service, inspection and/or repair was performed at that time?

       (c)     Do you have any documentation concerning this service, inspection and/or repair?

       If so, please consider this a formal Request to Produce and attach copies of all such documents to your Answers to these Interrogatories.

36.     State the names and home and business addresses of all persons known to you or to anyone acting on your behalf who:

       (a)     Witnessed this accident;

       (b)     Were within sight or hearing at or near the time of the accident;

       (c)     Arrived on the scene immediately after the accident;

       (d)     Have knowledge material thereto;

Certification Due Date: 07/14/2022
Response Date: 07/21/2022
Case ID: 211000057
Control No.: 22071235

(e)     Have knowledge or information concerning the whereabouts of any other witnesses to the accident.

37.     State the name, address and telephone number of all persons you spoke with about this accident within one hour of the accident.

38.     Did you or any representative on your behalf obtain from any Defendant a statement concerning the accident?

If so, state:

(a)     Whether it was signed and by whom it was signed;

(b)     Where, when and by whom such statement was obtained;

(c)     The address and job classification of the person obtaining such statement, and by whom he is employed;

(d)     In whose possession the statement is; and,

(e)     In whose possession copies are located.

39.     **WITHOUT REFERRING TO PLEADINGS OR OTHER DOCUMENTS,** state in detail your version of the accident.

40.     Prior to this accident:  Did you:

     (a)     Have any deformity or impairment of function?

     (b)     Have any injury or disease before this accident which in any way affected the parts of your body which you allege were injured in this accident?

     (c)     If so, state the nature and extent thereof.

41.     Have you ever claimed bodily injuries by reason of any accident or occurrence before or after this accident?

     If so, state:

     (a)     The time, place and nature of each such accident or occurrence;

     (b)     The court, term and number or docket number of any civil action, criminal prosecution, Workmen's Compensation proceeding or other proceeding filed as a result; and,

     (c)     The identity and address for any insurance company to which a claim was presented and the claim number.

42.     Were you examined or treated for any physical, mental or nervous condition or for any other purposes involving your body, mind or nervous system within the five (5) year period preceding this accident?

     If so, state:

     (a)     The date, place and purposes of each such examination;

     (b)     The name, profession and specialty, if any, of all persons who examined or treated you.

43.     **WITHOUT REFERRING TO PLEADINGS OR OTHER DOCUMENTS,**
state in detail every injury, both physical and mental, which you claim as a result of this accident.

44.     **WITHOUT REFERRING TO PLEADINGS OR OTHER DOCUMENTS,**
state:

(a)     The name and location of every hospital, clinic, or other institution in which
you have been examined, confined or treated in as a result of the injuries you claim.

(b)     The date or periods of each visit or confinement in every such institution;

(c)     The charges made by each such institution, (items and unit prices);

(d)     The amounts paid on account thereof;

(e)     The names and addresses of each person, agency or organization paying or
obligated to pay all or part of the same if other than yourself.

45.     **WITHOUT REFERRING TO PLEADINGS OR OTHER DOCUMENTS,**
state the names and addresses of every physician, nurse, technician or other health care provider
who examined, treated or otherwise rendered services to you, specifying:

(a)     The profession or occupation and specialty of each;

(b)     Whether treatment occurred in a hospital or other institution, in an office,
your home or elsewhere in consequence of every such bodily, mental or nervous condition;

(c)     The type of treatment rendered;

(d)     The charges for each treatment and the nature of or basis of each charge;

(e)     The amounts paid for each treatment;

(f)     The names and addresses of each person, agency or organization paying all
or part of the cost of treatment if other than yourself.

46.    **WITHOUT REFERRING TO PLEADINGS OR OTHER DOCUMENTS,** state whether in connection with the diagnosis, treatment or evaluation of your alleged injuries, you were examined by means of X-ray, CAT Scan, MRI, electrocardiogram, electroencephalogram or myelogram or other diagnostic modality.

If so, state:

(a)    The nature and purpose of each such examination;

(b)    The dates and places thereof;

(c)    The name and address of the person or institution performing the same or on whose service the same was performed;

(d)    The fractures, dislocations and/or every other disease, abnormality or result disclosed thereby.

47.    **WITHOUT REFERRING TO PLEADINGS OR OTHER DOCUMENTS,** state whether you used any crutches, walkers, canes, braces, collars, corsets, elastic bandages or any other devices as a result of this accident.

If so, state:

(a)    The nature of such device;

(b)    Who prescribed the same;

(c)    The name and location of the seller, lesser or lender thereof;

(d)    The periods of such use; and,

(e)    All costs incurred therefor, and the amounts paid on account thereof.

48.     Were you confined to (a) bed or (b) your home, but not to bed, as a result of this accident?

        If so, state the type of confinement and the dates or periods of each such confinement.

49.     Did you sustain any scars or were you disfigured as the result of the injuries resulting from this accident?

        If so, state the locations and descriptions of any scars and/or disfigurements.

50.     When, where and by whom were you last examined or treated for any conditions alleged to have resulted from this accident?

51.     If you are still under treatment, state the kind of treatment you are receiving and how often you receive it.

52.     Have you recovered from any of the injuries you claim?

        (a)     If so, state the date of your recovery;

        (b)     If not, state your current condition, symptoms and complaints.

53.    Have you suffered any injury, deformity, impairment of function, disabling disease or illness since this accident?

If so, state:

(a)    The time, place and nature of each such occurrence;

(b)    The court, term and number of any civil action, criminal prosecution, Workers' Compensation proceeding, Social Security claim or other proceeding filed as a result, specifying which type of proceeding was filed.

54.    State specifically:

(a)    The exact date or parts thereof on which you missed employment as a result of this accident;

(b)    The total loss of earnings which resulted from the accident;

(c)    How the loss of earnings was calculated;

(d)    Any anticipated future loss of earnings; and,

(e)    How any anticipated future loss of earnings is calculated?

55.    State whether any of your work was done by any helper or substitute by reason of the injuries or other ill effects you suffered as a result of this accident and, if so, the nature of the duties of said helper or substitute and the periods during which he or she was employed.

56.    State the name and address of each fact witness who will testify at the trial of this case and the substance of the facts to which each witness is expected to testify.

57.     State the name and address of each expert witness who will testify at the trial of this case, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

58.     Identify the name of the carrier and the policy number of every other insurance policy held by you which provides medical, disability and/or wage loss benefits.

59.     How much net income did you claim on your Income Tax Returns for the preceding six years?

60.     If you have copies of your federal income tax returns for the years listed above, please consider this a formal Request to Produce them.

61.     **WITHOUT REFERRING TO PLEADINGS OR OTHER DOCUMENTS,** provide, in detail, the amounts of special damages incurred as a result of the accident.

62.     Have you ever applied for or received disability benefits?

63.     If the Answer to the foregoing is in the affirmative, please state:

   (a)     The amount;

   (b)     The claim number;

   (c)     The years during which you received disability; and,

   (d)     The reason for disability.

64.     Do you have copies of your W-2 forms for the preceding six years?

65.     If the Answer to the above is in the affirmative, please consider this a formal Request to Produce the documents.

66.     At the time of this accident did you or anyone in your household have a policy of insurance?

67.     If the Answer to the foregoing is in the affirmative, please state the following:

        (a)     Name of insurance carrier;

        (b)     Policy number;

        (c)     Effective date; and,

        (d)     Policy limits.

68.     Will you voluntarily execute Authorizations to obtain the following:

        (a)     Personnel records to substantiate work loss;

        (b)     Income tax returns for the preceding six years; and,

        (c)     Disability records, if applicable.

69.     If the Answer to the foregoing is in the negative, please provide a reason for refusal as to each particular type of document noted above.

70.     **WITHOUT REFERRING TO PLEADINGS OR OTHER DOCUMENTS,** state whether there is a work loss claim.

71.     If the Answer to the foregoing is in the affirmative, provide the following:

(a)     Identity of immediate supervisor; and,

(b)     State dates of work loss.

SWEENEY & SHEEHAN, P.C.

By:   *Gaetano Mercogliano*
        Gaetano Mercogliano
        Louis J. Vogel, Jr.
        Attorneys for Defendant,
        Betelhem Taye

## **VERIFICATION**

JULLIAN GRIFFIN, deposes and says that he is a Plaintiff, herein and that the facts set forth in the foregoing ***ANSWER TO INTERROGATORIES*** are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.


_____

JULLIAN GRIFFIN


DATE: _____

**SWEENEY & SHEEHAN, P.C.**
By:  Gaetano Mercogliano, Esquire
Identification No.: 39766
By:  Louis J. Vogel, Jr., Esqire
Identification No.:  314234
1515 Market Street – 19th Floor
Philadelphia, PA  19102
guy.mercogliano@sweeneyfirm.com
louis.vogel@sweeneyfirm.com

Attorneys for Defendant,
Betelhem Taye

| | |
|---|---|
| JULLIAN GRIFFIN, | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| *Plaintiff,* | CIVIL ACTION |
| v. | |
| | OCTOBER TERM, 2021 |
| BETELHEM TAYE | |
| | NO. 0057 |
| and | |
| DOORDASH, INC. | |
| *Defendants.* | |

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:        PLAINTIFF

DATE:      April 14, 2022

Pursuant to the Pennsylvania Rules of Civil Procedure, Defendant request production of the documents hereinafter described for inspection and copying.

A written Response to this Request is required within thirty (30) days from the date hereof.

**DOCUMENTS TO BE PRODUCED**

1.      Statements of witnesses to the accident.

2.      Statements of the parties in any form.

3.      All incident/accident reports prepared as a consequence of this accident.

4.      All reports of accident investigation, whether or not they include statements of witnesses to the accident.

5.      Typed records of any tapes or transcribed statements or memoranda of any witnesses or parties.

6.      Photographs or videos of the scene of the accident or of any vehicles or objects allegedly damaged due to the loss.

7.      Photographs of any injuries.

8.      All medical bills, notes and reports relating to treatment rendered to the Plaintiff.

9.      Any and all bills and/or estimates of property damage.

10.     Federal Income Tax Returns and W-2 Forms filed for the three years preceding the incident and from the incident to the present.

11.     Reports of all experts who will testify at trial.

12.     A copy of the declarations page for the motor vehicle insurance policy covering Plaintiff at the time of this loss.

13.   Any notices of any liens by any healthcare organization, Medicare, Medicaid and healthcare provider.

14.   All medical bills, notes and reports relating to treatment rendered to the Plaintiff for a prior loss.

15.   All medical bills, notes and reports relating to treatment rendered to the Plaintiff for a subsequent loss.

**SWEENEY & SHEEHAN, P.C.**

By:   *Gaetano Mercogliano*
   Gaetano Mercogliano
   Louis J. Vogel, Jr.
   Attorneys for Defendant,
   Betelhem Taye

# EXHIBIT B

Certification Due Date: 07/14/2022
Response Date: 07/21/2022
Case ID: 211000057
Control No.: 22071235

## Adelina Salvino

| | |
|---|---|
| **From:** | Louis J. Vogel, Jr. |
| **Sent:** | Friday, May 20, 2022 3:26 PM |
| **To:** | Adelina Salvino; mlalli@stslawfirm.com |
| **Cc:** | abrooks@moore4law.com |
| **Subject:** | RE: Griffin v. Taye (Our File No. ASR1133) |

Mr. Lalli:

Your client's discovery responses are overdue. Please advise when they can be expected. If we do not receive same within ten (10) days, we will have no choice but the engage in appropriate motion practice.

Thanks,
Lou

Louis J. Vogel, Jr., Esquire
Attorney at Law | Sweeney & Sheehan, P.C.

1515 Market Street, 19th Floor | Philadelphia, PA 19102 Direct 215.963.2477 | Main 215.563.9811 | Fax 215.557.0999
Louis.Vogel@sweeneyfirm.com | www.sweeneyfirm.com

www.uslaw.org
CONFIDENTIALITY NOTICE: This e-mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this e-mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify us immediately by reply e-mail so that we may correct our records. Please then delete the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended and cannot be used for the purposes of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Adelina Salvino
**Sent:** Thursday, April 14, 2022 11:03 AM
**To:** mlalli@stslawfirm.com
**Cc:** Louis J. Vogel, Jr. <Louis.Vogel@SweeneyFirm.Com>; abrooks@moore4law.com
**Subject:** Griffin v. Taye (Our File No. ASR1133)

Mr. Lalli,

Please see attached correspondence.

Thank you.

*Adelina Salvino*
Legal Assistant to Louis J. Vogel, Jr., Esquire
and Anastasia L. Baranowski, Esquire
**Sweeney & Sheehan, P.C.**

1515 Market Street, 19th Floor | Philadelphia, PA 19102
**Main:** 215.563.9811 | **Direct Line:** 215-963-2445 | **Fax:** 215.557.0999
adelina.salvino@sweeneyfirm.com

1

Certification Due Date: 07/14/2022
Response Date: 07/21/2022
Case ID: 211000057
Control No.: 22071235

CONFIDENTIALITY NOTICE: This e-mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s).  Any dissemination or use of this e-mail or its contents by persons other than the intended recipient(s) is strictly prohibited.  If you have received this message in error, please notify us immediately by reply e-mail so that we may correct our records.  Please then delete the original message.

IRS CIRCULAR 230 DISCLOSURE:  Any U.S. federal tax advice contained in this communication (including any attachments) is not intended and cannot be used for the purposes of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

Certification Due Date: 07/14/2022
Response Date: 07/21/2022
Case ID: 211000057
Control No.: 22071235